## STATE *vs.* CLARENCE M. EATON.

### Franklin.     Opinion December 29, 1892.

*Gambling, Keeping place of resort for. R. S., c. 125, § 1.*

Upon an indictment for keeping a place resorted to for the purpose of gambling it is not necessary that the government should satisfy the jury that the respondent kept the place for the sole purpose or even the principal purpose of gambling.

If the parties went there to obtain beer, and as an inducement to and as a means of obtaining it, they resorted to a gambling device, and this was allowed by the respondent, then he would be guilty.

Whether the place was one resorted to for the purpose of gambling was for the jury to determine.

ON EXCEPTIONS.

The case is stated in the opinion.

*F. E. Timberlake*, County Attorney, for the State.
*H. L. Whitcomb*, for defendant.

FOSTER, J.    Indictment for keeping a place resorted to for the purpose of gambling.

The exceptions are to the instructions of the presiding justice.

It appears that the respondent kept a shop or store as described in the indictment, and that on some occasions in the store shook or played at dice for drinks of beer or cigars which he there kept for sale.

I.   In charging the jury, the presiding justice read that section of the statute upon which the indictment was based, and in addition thereto instructed them as follows :

"Now, under the statutes of this State, in addition to the provision already read to you, all places resorted to for the purpose of gambling are declared to be nuisances ; and again by another provision of the statutes, under the chapter which is entitled 'Offenses against the public health, safety and policy,' is this provision : 'Every lottery, scheme or device, of whatever name or description, whether at fairs or public gatherings or elsewhere, and whether in the interests of churches, benevolent objects or otherwise, is prohibited and declared a nuisance.' That is what your representatives and mine have said in legislature upon this question.

"That is the public sentiment so far as we are concerned upon this subject.   All schemes or devices of chance which are put into operation for any of these purposes, involving the passing of anything of value from one to another as the result of a scheme or device of chance, are declared to be common nuisances."

We see nothing objectionable in the statement of the law as given.   The presiding justice had already stated to them the exact language of the particular statute upon which the government based its case.   As illustrating and rendering its meaning more clear, additional provisions were read, and we cannot assume that the jury were misled by what the court considered might be of assistance to them in correctly understanding the nature of the offense charged.

II.   With considerable stress, the counsel for the respondent contends against that portion of the charge in which the court stated that it was not necessary or indispensable that the government should satisfy the jury that the respondent kept the place for the sole purpose, or even for the principal purpose of gambling — but if parties went there to obtain beer, and as an inducement to it and as a means of obtaining it, they resorted to a gambling device as previously explained, and this was allowed by the respondent, then he would be guilty.

We think this is not susceptible to the objection urged, when

examined in the light of the statute, which prohibits any person from keeping a house, shop or other place resorted to for the purpose of gambling, and from permitting any person to gamble in any way in any house, shop or place under his care and control. The court had expressly stated that the question upon which the jury was to pass was whether the place was resorted to habitually, frequently, for the purpose of gambling, with the knowledge and consent of the respondent or keeper of the place — whether he kept it to be so resorted to for the purpose of gambling — and thereupon the court added that it was not necessary that the government should establish that this was the sole purpose, — that it might be an incidental purpose. And furthermore, the court left it to the jury as a question of fact, whether the respondent kept the shop or store described in the indictment as a place resorted to for the purpose of gambling.

This was as favorable for the respondent as could properly be given. Under a similar statute in Massachusetts, Chief Justice Shaw, in *Com.* v. *Taylor*, 14 Gray, 26, says: "It was properly left to the jury to say whether persons resorted to the defendant's house for the purpose of gaming. In general it is a fair conclusion to hold that persons intend to do that which they habitually do; and if one of the purposes of persons resorting to the defendant's house was gaming, and that necessarily unlawful gaming, and that habitually allowed by the defendant as keeper of the house, it brought him within the statute." See also, *State* v. *Currier*, 23 Maine, 43. While it is true that the offense charged is for keeping a place resorted to for gambling, it is not necessary, nor common, that this is the sole or principal purpose for which the place is kept.

*Exceptions overruled. Judgment for the State.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.