ALBERT C. TOLL, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A judgment of conviction on an information based upon the first clause in Section 2644 Revised Statutes, relating to persons who have, keep, exercise and maintain gaming rooms, will not be reversed because upon the trial the court instructed the jury that the information was brought under that section,

reading it in full to them, including the last clause relating to persons who procure, suffer or permit others to play for money in places under their control, where all of the other instructions of the court relate solely to the keeping of a gaming room, and none of them intimated to the jury that they could convict upon proof that defendant procured, suffered or permitted persons to play for money in any place under his control.

2.  Where the substance of proposed instructions, so far as applicable to the facts of the case, is fully covered by other instructions given by the court, there is no error in refusing those proposed.

3.  Upon the trial of an information charging a continuing offense where there is evidence of acts constituting the offense committed within the period laid in the information, evidence of acts committed prior or subsequent to that period and before the filing of the information is admissible when it illustrates, explains or corroborates evidence of acts shown to have been committed within the period charged.

4.  Any room is a gaming room in which games for money are habitually played, or which is kept or maintained for the purpose of gaming, even though the room may be put to other uses, and even though its principal use is for some other lawful object.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*A. M. Michelson,* for Plaintiff in Error.

*The Attorney General,* for Defendant in Error.

CARTER, J.:

Plaintiff in error was convicted in the Criminal Court of Record of Duval county upon an information charging "that one Albert C. Toll, of the county of Duval and State of Florida, on the 1st day of June, in the

year of our Lord one thousand eight hundred and nine-ty-seven, and on divers days and dates between said date and the 9th day of August, A. D. 1897, in the county and State aforesaid, did then and there unlawfully and felon-iously have, keep, exercise and maintain a gaming room and gaming house in the city of Jacksonville for the pur-pose of gaming and gambling, contrary," &c. The in-formation was filed August 24, 1897, and the trial was begun September 2, 1897.

The trial judge began his instructions to the jury by stating that "The information in this case is brought under a section of our statutes which reads as follows, to-wit:" He thereupon read section 2644 Revised Stat-utes, in the following language: "Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling, or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the State prison not exceeding three years, or by fine not exceed-ing five thousand dollars." It is argued that the court erred in reading the latter clause of the section relating to persons who procure, suffer or permit others to play for money in places under their control, because de-fendant was not charged with a violation of that clause, but of the clause relative to keeping rooms for the pur-pose of gaming. At defendant's request the court in-structed the jury: "The defendant is indicted under section 2644, for keeping and maintaining a gaming room for the purpose of gaming and gambling. The

jury will note that it is necessary, before conviction can be had, that the State must establish beyond a reasonable doubt, first, that the defendant was keeping a gaming and gambling room; and, second, that it was kept for the purpose of gaming and gambling." All other instructions were confined to the keeping of a gaming room or house, and in none of them were the jury told that they could convict upon proof that defendant procured, suffered or permitted persons to play for money in any place under his control. The court simply read this section of the Revised Statutes to the jury, as being the statute under which the information was brought, and then proceeded to instruct them in the law relative to keeping a gaming house, and particularly that they could not convict defendant unless he was shown by the evidence to have kept a room for the purpose of gaming. Taking the instructions as a whole, we do not think the jury were misled, or that they were impressed with the the idea that they could convict the defendant under this information upon proof that he suffered or permitted persons to play for money in a place under his control.

Defendant complains of the refusal of the court to give certain instructions requested by him. There is no error in this ruling, because the substance of these instructions so far as applicable to the facts of this case was fully covered by other instructions given by the court.

The court refused to strike out certain evidence tending to show that defendant kept a gaming room prior and subsequent to the time laid in the information. It is insisted that the offense of having, keeping and maintaing a gaming room, is a continuing one; that it was so charged in the information, and that evidence of acts tending to prove it occurring prior and subsequent

to the time laid in the information was inadmissible. Assuming, but not deciding, that the offense charged is a continuing one, we think the motion to strike was properly refused.   There was evidence that defendant kept a gaming room, or a room for that purpose, within the time laid in the indictment.   In Brevaldo v. State, 21 Fla. 789, we held that upon an indictment for living in an open state of adultery on a certain day, and on divers other days and times since said date to the date of the finding of the indictment, evidence of acts anterior to such time are admissible in evidence as tending to illustrate or explain similar acts within the period laid in the indictment, or to corroborate testimony of such latter acts, but not to convict of a substantive offense committed anterior to such period.   We think the rule stated in the Brevaldo case is applicable to all continuing offenses, and where there is evidence of acts constituting the offense committed within the period laid in the indictment, evidence of acts committed prior or subsequent thereto before the finding of the indictment are admissible when they illustrate, explain or corroborate evidence of acts shown by the evidence to have been committed within the period named.

We think the evidence was amply sufficient to support the verdict.   The defendant was proprietor of a bar-room in Jacksonville.   Under the same roof and connected with the bar was another room under defendant's control in which persons frequently and habitually played various games of cards for money.   The evidence shows that defendant knew of gambling in this room; that he sometimes engaged in the games himself, and that he was frequently in the room while games were being played for money.   He contends in this court that his business in this building was that of a barkeeper; that the room wherein gambling was carried on was con-

nected with his bar and used for the convenience of the patrons of his bar; that its principal use was in connection with the bar, and not for gaming purposes, and that therefore the room was not a gaming room, although games for money were frequently played therein with his knowledge and consent. We think any room is a gaming room in which games for money are habitually played, or which is kept or maintained for the purpose of gaming, even though the room may be put to other uses, and even though its principal use is for some other lawful object. State v. Eaton, 85 Me. 237, 27 Atl. Rep. 126; State v. Mosby, 53 Mo. App. 571; Ransom v. State, 26 Fla. 364, 7 South. Rep. 860.

The judgment of the court below is affirmed.