GEORGE ANDERSON v. STATE.

183 So. 735.
Division B.
Opinion Filed October 14, 1938.

*William J. Pruitt* and *Julius F. Barker,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—On the 27th day of August, 1937, the County Solicitor of Dade County, Florida, filed in the Criminal Court of Record of said county an information

charging George Anderson, on the 1st day of August, 1937, in Dade County, Florida, with an unlawful and felonious assault upon one Manuel B. Phillips with a deadly weapon, to-wit, a pistol, with the intent to kill and murder the said Manuel B. Phillips. The second count of the information charged George Anderson with the unlawful possession of a pistol, without having license from the County Commissioners of Dade County, Florida, and that the said George Anderson was not a Sheriff, Deputy Sheriff, City or Town policeman or marshal, or any other officer within the meaning of the statute. On the 10th day of March, 1938, the defendant, George Anderson, was arraigned in the Criminal Court of Record on the said information and at the time of said arraignment interposed a plea in abatement directed to each count of the aforesaid information. The said plea in abatement was marked Exhibit "A" and is as follows.

"I. That the alleged offense as set forth in said information was committed within the jurisdiction of the 2nd District's Justice of the Peace, and there was held on the 4th day of August, 1937, before the Justice of the Peace of said District, who then and there had jurisdiction in said cause to hear and determine the same, a preliminary hearing and there appeared at said hearing, several witnesses, who were duly subpoenaed and who were duly sworn to speak the truth at said hearing and did testify. That the court secured jurisdiction over the person of this defendant by reason of affidavit filed in said court, a copy of which said affidavit is hereto attached, marked Defendant's Exhibit 'A' and made a part of this Plea as if herein incorporated at this point, that the said Ralph C. Pole was acting in the place and stead of the Honorable Thomas S. Ferguson, the duly qualified, appointed and acting Justice of Peace of the 2nd District of Dade County, Florida, who was absent from the jurisdiction of his court. That at the conclusion of

said hearing, the Defendant, George Anderson, was duly and legally bound over to the Criminal Court of Record in and for Dade County, Florida, on the charge of assault with the intent to commit murder; and that thereafter, the County Solicitor in and for the County of Dade and State of Florida, filed the information now of record against the said George Anderson, charging him with assault with intent to commit murder, without having first subpoenaed before him the said witnesses to inform and advise the County Solicitor of the true facts pertaining to the said matter, But the said County Solicitor did file said information in said case, as aforesaid, upon the record made in said matter before the said Justice of the Peace and did not base said information upon any testimony taken by him by witnesses duly subpoenaed to appear and testify before him and therefore the said information filed in this cause is not based upon any sworn facts or testimony given by any person or persons before or to the said County Solicitor, but the same has been filed contrary to law.

"II. AND for a further ground, this defendant says that by reason of the above and foregoing facts as set out, that this court is without jurisdiction to try this Defendant upon the information filed in this cause."

### "AFFIDAVIT.

"* * *

"Before me, RALPH C. POLE, Justice of the peace in and for daid County, personally came MANUEL B. PHILLIPS, who, being duly sworn, says that on the 1st day of August, A. D. 1937, in the County aforesaid, one GEORGE ANDERSON with force and arms did unlawfully, feloniously and from a premeditated design to effect the death of one Manuel B. Phillips, in and upon said Manuel B. Phillips, an assault did make with a certain deadly weapon, to-wit: a gun, a

further and more particular description of said weapon being to affiant unknown, which said weapon was then and there loaded and charged with metal balls and powder, and by him, the said George Anderson, then and there had and held in his hands, which said weapon he, the said defendant, unlawfully, feloniously and from a premeditated design to effect the death of the said Manuel B. Phillips, did then and there shoot off and discharge at the said Manuel B. Phillips, with intent him, the said Manuel B. Phillips, then and there unlawfully and from a premeditated design to effect the death of the said Manuel B. Phillips, to kill and murder, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida.

"MANUEL B. PHILLIPS.

"Sworn to and subscribed before me this 2nd day of August, A. D. 1937.

"RALCH C. POLE,
"*pro hac vice*
"(SEAL) "Justice of Peace, Second District."

The State of Florida interposed a demurrer to the plea in abatement and the grounds thereof are, viz.:

"1. It affirmatively appears from said Plea in Abatement that the defendant was caused to be arrested by an affidavit issued by a duly appointed, qualified and acting Justice of Peace, acting in the District where said crime was committed.

"2. It affirmatively appears from said Plea in Abatement that a preliminary hearing was held at which witnesses testified and that *prima facie* at least such testimony was sufficient to prove the crime that the defendant was charged with.

"3. An affidavit having been filed in a court of competent jurisdiction, as required by law, setting out sufficient facts to constitute the crime charged, it was then not necessary for the County Solicitor to subpoena the witnesses before him and take any testimony concerning the offense.

"4. The laws of the State of Florida authorize and require that some person make an affidavit in the Justice of the Peace court having jurisdiction of the alleged offense before a warrant can issue and before a preliminary hearing can be had upon a charge as set out in the affidavit and under the laws of Florida the false making of such affidavit would constitute a perjury. Therefore, it was not necessary for the County Solicitor to subpoena the witnesses before him and have evidence under oath upon which he could base the filing of the information, because the affidavit alone was sufficient."

The lower court, after argument of counsel entered an order sustaining the demurrer as directed to the plea in abatement. The defendant was placed upon trial, a verdict of guilty was rendered, a motion for a new trial denied, and the case is here for review on writ of error seeking a reversal of the final judgment on the ground that the lower court erred in sustaining the demurrer interposed by the State of Florida to the plea in abatement directed to the information filed against the defendant below.

In the consideration of the case at bar the facts alleged in the plea will be treated as legally sufficient and will be disposed of on its merits. It is contended by counsel for plaintiff in error that the only way in which the Solicitor of the Criminal Court of Record would be justified in filing an information in the Criminal Court of Record would be to issue or cause to be issued subpoenas directed to the witnesses desired and have the same served by the Sheriff, requiring the appearance thereof at a certain place, time and

date, for the purpose of testifying in behalf of the State against a named defendant, and when the witnesses appeared in response to the subpoenas, that an oath be administered, and then the testimony so obtained, should and would be the basis for the filing of the information; that the affidavit as made and filed before the Justice of the Peace, *supra,* would and could not meet the requirements of the law and that the information based thereon is void *ab initio.* Counsel cites Crockett v. Cassels, 95 Fla. 851, 116 So. 865; Campbell v. State, 92 Fla. 775, 778, 109 So. 809; White v. State, 126 Fla. 760, 171 So. 809. Section 24 of Article V of the Constitution of Florida makes provisions for and establishes the method for the creation of a Criminal Court of Record. Section 25 of Article V provides that such Courts when established shall have jurisdiction of all criminal cases not capital arising in the county where created. Section 27 of Article V provides that said court shall have a prosecuting attorney, with method of appointment, and the term of office shall be for four years and his salary shall be fixed by law. ·Section 28 of Article V of the Constitution of Florida provides that all offenses in said Court (meaning Criminal Court of Record) shall be prosecuted upon information under oath, to be filed by the prosecuting attorney, but the grand jury of the Circuit Court for the County in which the Criminal Court of Record is held may indict for offense triable in the Criminal Court· * * *. The Amendment to Section 10 of the Bill of Rights to the Constitution of Florida adopted by the people of Florida in no manner conflicts with Sections 24, 25, 26, 27 and 28 of Article V of the Constitution of Florida, which amendment is, viz.:

"No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment by a

grand ·jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace. Any person under such information, presentment or indictment for any felony not capital may be arraigned and may enter a plea in term time or in vacation, and the judgment and sentence of the court on a plea of guilty may be made and entered either in term time or in vacation."

It will be observed that Section 8257, C. G. L., provides that the method of prosecutions in a Criminal Court of Record shall be upon information filed by the County Solicitor under oath, and the form of the oath to be administered to said officer is likewise provided for by the said statute. We are unable to read into these constitutional provisions, *supra,* or statutes controlling the subject, or the previous decisions of this Court, the requirements, that the informations so filed by a solicitor of the Criminal Court of Record shall be based solely and exclusively upon the testimony taken before him. Such a construction thereof is not warranted, nor justified by any reasonable inferences drawn therefrom. We have not overlooked the provisions of Sections 8259, 8260, and 8261, C. G. L.

In the case of White v. State, *supra,* a plea in abatement was sustained which alleged that W. S. Willoughby made an affidavit before Clement L. Theed, as Justice of the Peace of the Third District of Dade County, that O. B. White did on the 27th day of June, 1935, unlawfully make an assault upon one Shannon Carmack with a deadly weapon, to-wit: a thirty-eight caliber revolver, with the intent to kill the said Shannon Carmack; that upon the making of the affidavit a warrant was issued and the said White was

arrested and brought before the Justice of the Peace, who, after investigation, bound him over for his appearance at the next term of Court; that at the time of the commission of the alleged offense and the issuance of the said warrant, White was not within the Third Justice of the Peace District of Dade County, but was in the First Justice of the Peace District of said County, and that if any crime was committed it was in the First Justice of the Peace District. It is clear that the Justice of the Peace of the Third Justice of the Peace District of Dade County was without authority at law to administer an oath to an affiant, and, further, to issue a warrant based thereon for a crime committed wholly out of the Third Justice of the Peace District of Dade County and in the First Justice of the Peace District of Dade County. See Section 8319 C. G. L. The power to administer oaths was considered in the cases of Collins v. State, 33 Fla. 446, 15 So. 220; Wilds v. State, 79 Fla. 575, 84 So. 664; Campbell v. State, 92 Fla. 775, 129 So. 809; Crockett v. Cassels, 95 Fla. 851, 116 So. 865; Milligan v. State, 103 Fla. 295, 137 So. 388; Craft v. State, 42 Fla. 567, 29 So. 418.

The power or authority to administer an oath is not material in the case at bar because on the record it is assumed that the alleged crime was committed in the Justice of the Peace District of Dade County wherein the warrant was issued and in compliance with Section 8319 C. G. L. There is no error in the record and for this reason the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.