STATE, *ex rel.* JOHN LATOUR, v. S. E. STONE, Sheriff.

185 So. 729.
En Banc.
Opinion Filed January 11, 1939.

*William W. Judge,* for Relator;

*George Couper Gibbs,* Attorney General, and *John L. Graham,* Assistant Attorney General, for Respondent.

THOMAS, J.—On January 4, 1939, the relator, John Latour, presented to this Court his petition for a writ of habeas corpus containing allegations, among others, that at the fall term of the Circuit Court of Volusia County the grand jury investigated certain supposed misdeeds of the petitioner during his service as a city official of the city of Daytona Beach, and that despite the failure of the grand jury to return an indictment, an information was filed against him by the State Attorney of the Seventh Judicial Circuit, charging him with malpractice in office.

The return of the sheriff is that the petitioner is in his custody by virtue of a capias issued on the information filed by the State Attorney, as set out in the petition.

The matter was presented this day orally before the Court by the attorney representing the petitioner and by the Attorney General.

In the proceeding one question is presented to the Court for decision, viz.: whether the State Attorney may file an information charging a person with crime after the grand jury has refused or failed, subsequent to investigation, to find an indictment.

At midnight, December 31, 1934, the following became a part of the Constitution of the State of Florida.

"Section 10. No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed, except as is otherwise provided in this Constitution, and except in cases of impeachment, and in cases in the militia when in active service in time of war, or which the State, with the consent of Congress, may keep in time of peace." Sec. 10, Declaration of Rights, Const. 1885.

By this amendment the grand jury and the prosecuting attorney were granted concurrent authority to file a formal accusation of the commission of a felony not involving capital punishment by indictment or information, respectively. There is some authority to the contrary, but we think the more logical rule is that the prosecuting officer having jurisdiction is authorized to file an information even though the grand jury may have failed or refused to find an indictment.

In State v. Whipple, 57 Vt. 637, text 639, 640, the Supreme Court of Vermont, discussing a similar situation, said:

"The respondent objected to the admission of evidence

and to being tried on this information, and claimed the whole proceedings were illegal and oppressive to him and without authority, because the offenses charged therein covered the same period of time for which the grand jury of the county had, at the same term of court and before filing of the information, investigated complaints and charges against him for the same crime and failed to find a bill of indictment against him. * * *

"It is well settled that the failure or refusal of a grand jury to find an indictment against a person, and that any criminal proceedings in court, pending or not, down to the time of trial by the jury, do not constitute a bar to another indictment for the same offense, 1 Bish. Crim. Law, s. 1014; Commonwealth v. Miller, 2 Ashm. 61; Reg. v. Newton, 2 Moody & R. 503; Commonwealth v. Drew, 3 Cush. 279; People v. Fisher, 14 Wend. 9; Harriman v. State, 2 Greene (Iowa) 270."

See also *Ex Parte* Moan, 65 Cal. 216.

The Supreme Court of Louisiana reached the same conclusion in State v. Vincent, 36 La. Ann. 770, giving expression to their views as follows:

" 'The material question is whether the district attorney, at the same term of the court and on the same day that the grand jury had ignored the indictment, could file the information after this action of the grand jury. Article 103 of the Constitution of 1852 provides that prosecutions shall be by indictment or information. The State can select either mode, but cannot prosecute by both at the same time. After, however, it has prosecuted by indictment, and the grand jury, not being satisfied by the evidence or for other causes, have not found a true bill against the accused, it is the same as if the matter had never been before a grand jury, and the district attorney, in commencing new proceedings, has

the right to select indictment or information as provided by the Constitution.'" Text 771.

Our opinion is that the State Attorney of the Seventh Judicial Circuit acted wholly within his authority in filing the informaton, and that the said petitioner should be, and he is, remanded to the custody of the sheriff of Volusia County.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.