## Frank Mongeon v. State

3 So. (2nd) 371
Division A
Opinion Filed July 1, 1941

*W. E. Smith,* for Appellant;

*Tom Watson,* Attorney General and *Woodrow Melvin,* Assistant Attorney General, for Appellee.

BUFORD, J.—Appellant was informed against in the Circuit Court of Marion County, Florida, charged with the offense of manslaughter in the negligent operation of a motor-driven vehicle resulting in the death of a person who was riding with him in a Ford truck when that truck collided with two other automobiles.

Appellant presents two questions. The first challenges the sufficiency of the affidavit of the State's Attorney verifying the information and the other challenges the sufficiency of the evidence to sustain the verdict.

The affidavit of the State's Attorney is in the following language:

"STATE OF FLORIDA

"COUNTY OF MARION.

"Personally appeared before me, J. W. Hunter, State Attorney for Fifth Judicial Circuit of Florida, in and for Marion County, who first being duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which if true, would constitute the offense therein charged."

Section 10 of the Declaration of Rights as amended by adoption at the general election of 1934, provides:

"Section 10. No person shall be tried for a capital crime unless on presentment or indictment by a grand jury, and no person shall be tried for other felony unless on presentment or indictment by a grand jury, or upon information under oath filed by the prosecuting attorney of the court wherein the information is filed." . . .

Sub-section 2 of Section 279, Chapter 19554, Acts of 1939, Florida Criminal Procedure Act, provides:

"2. An information shall be in the same form and signed by the prosecuting attorney who shall also append thereto the oath of the prosecuting attorney to the effect following:

"Personally appeared before me_____ (official title of prosecuting attorney) who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged, which affidavit shall be made by the prosecuting attorney before some person qualified to administer an oath."

Section 5976 R. G. S., 8257 C. G. L., contained the

same requirements as to the oath which are contained in Sub-section 2 of Sec. 279, *supra.*

The affidavit in the instant case meets the requirements of the statute. When the statutory requirement is met and complied with the requirements of the Constitution, *supra,* are satisfied. See Kurtz v. State, 26 Fla. 351, 7 Sou. 869; Ransom v. State, 26 Fla. 364, 7 Sou. 860, Tuberson v. State, 26 Fla. 472, 7 Sou. 858; Anderson v. State, 134 Fla. 290, 183 Sou. 735; Cortes v. State, 135 Fla. 589, 185 Sou. 323.

The record has been examined and the evidence is found amply sufficient to support the finding of the jury that the defendant was criminally negligent in the operation of the motor vehicle which he was driving on the public highway and that such negligence was the direct and proximate cause of the injury and death.

On the entire record no reversible error is made to appear. The judgment is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.