153 So.2d 854 (1963)
STATE of Florida, Appellant,
v.
George L. McINNES, Appellee.
No. C-393.
District Court of Appeal of Florida. First District.
May 21, 1963.
Rehearing Denied June 18, 1963.
*855 Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellant.
Albert J. Datz, Jacksonville, for appellee.
WIGGINTON, Judge.
This interlocutory appeal initiated by the State of Florida seeks review of an order entered by the Criminal Court of Record of Duval County quashing counts 1 and 4 of a four-count information filed against appellee charging him with the offense of extortion. Defendant has cross-appealed from that provision of the same order which denied his motion to quash remaining counts 2 and 3 of the information.[1] The State contends that counts 1 and 4 of the information adequately charge an offense under the statute, and the court erred in rendering its order of quashal. Defendant contends that although the court was correct in quashing counts 1 and 4 of the information, it erred in refusing to quash counts 2 and 3 for the reason that each count fails to charge an offense under the statute pursuant to which the information is filed.
The trial judge filed no memorandum supporting the order appealed, and the order sets forth no reasons or grounds upon which the court's conclusion was reached in quashing two of the counts of the information, and refusing to quash the remaining two.
We will first consider the State's contention that counts 1 and 4 of the information are adequate to charge an offense under the statute. Stripped of its formal parts count 1 charges that:
"* * * George L. McInnes of the County of Duval and State of Florida, on the twentieth day of August in the year of our Lord, one thousand nine hundred and fifty-nine in the County and State aforesaid, and on divers others days and times between the twentieth day of August, A.D. 1959, and the twelfth day of October, A.D. 1959, in the County and State aforesaid, did unlawfully and maliciously verbally threaten John N. Blow, that he, George L. McInnes, would accuse *856 a certain corporation, to wit: Southoil, Inc., of an offense, to-wit: an unlawful attempt to evade or defeat the payment of lawful income taxes in violation of the Internal Revenue Laws of the United States of America, with the intent thereby to extort money from the said John N. Blow, the said George L. McInnes, at the time and place of making the said threats as aforesaid, well knew that the said John N. Blow was an officer and stockholder of said corporation."
Count 4, in pertinent part, charges that:
"* * * George L. McInnes of the County of Duval and State of Florida on the twentieth day of August, A.D. 1959, in the County and State aforesaid, and on divers other days and times between the twentieth day of August, A.D. 1959, and the twelfth day of October, A.D. 1959, in the County and State aforesaid, did unlawfully and maliciously verbally threaten John N. Blow that he, George L. McInnes, would testify before the Internal Revenue Service of the United States of America in a proceeding involving income taxes of Southoil, Inc., a corporation, of which corporation the said John N. Blow was then and there an officer and a stockholder, so as to cause the payment by the said corporation of additional income taxes, unless the said John N. Blow paid to him, the said George L. McInnes, a sum of money, with the intent thereby to extort money from the said John N. Blow."
The information under review seeks to charge four separate offenses denounced by the statute relating to extortion by threat, which statute is as follows:
"Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be punished by imprisonment in the state prison not exceeding ten years. As amended Laws 1957, c. 57-254, § 1."[2]
An analysis of the foregoing statute clearly reveals that its purpose is to condemn the malicious making of certain types of threats to others with an intent to extort money or other pecuniary advantage, or to compel the person so threatened or any other person to do any action or refrain from doing any act against his will. The types of malicious threats proscribed by the statute are those by which the offender threatens (1) to accuse another of any crime or offense; (2) to inflict injury to the person, property or reputation of another; (3) to expose another to disgrace; (4) to expose any secret affecting another; and (5) to impute deformity or lack of chastity to another. To be actionable, the threat must be made verbally or by written or printed communication.
It is immaterial whether the threat to accuse, expose or otherwise injure is directed against the person to whom the threat is communicated, or is directed against another, so long as the threat is maliciously made with the intent to extort money or other pecuniary advantage, or compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will. Under the statute it is just as much a crime to maliciously communicate to a husband and father a threat to impute a lack of chastity *857 to his wife or daughter, or inflict personal injury on his minor son, as it is to make such threats directly to the wife, daughter or son who would be the primary victims if the threat were carried out. The general rule appears to be:
"Under a statute providing that whoever maliciously threatens an injury to the person or property of another, with intent thereby to extort money or pecuniary advantage, or with intent to compel the person so threatened to do any act against his will, shall be punished, it is extortion to threaten the person to be injured, the person from whom it it intended to extort the money or other pecuniary advantage, or a different person."[3]
Relating this principle to counts 1 and 4 of the information it appears immaterial that the threats made by defendant were to accuse, expose or otherwise injure the property or reputation of the corporation in which defendant knew the victim was personally interested as an officer and stockholder, when such threats were made for the purpose of extorting money from the victim as a price for silence. The fact that it was the corporation rather than the victim who would be charged with the crime or offense or whose property or reputation would be injured if the threats were carried out, makes the act of defendant nonetheless a crime under the statute here considered. This is so for the reason it is only because of the victim's interest in the corporation that defendant's threats are calculated to be of sufficient importance as to induce the victim to pay the extortion money demanded by defendant. Furthermore, the fact that the offense threatened to be charged against the corporation constitutes a crime under the laws of the United States of America rather than under the laws of the State of Florida is likewise immaterial. It is not the threat to accuse the corporation or testify against it concerning an offense against the laws of the United States which is the gravamen of the offenses charged in counts 1 and 4 of the information. These factors are only reasons why the victim, John N. Blow, would be motivated to conclude that if the threats were carried out by defendant an injury would be done to the property and reputation of the corporation in which he is interested, which threats were maliciously made with the intent to extort money from John N. Blow, or to cause John N. Blow to do an act against his will, to-wit: the payment of money to defendant.
In the Petersen case[4] the defendant was charged in an information with having maliciously threatened to accuse his victim of the offense of unlawfully taking Canadian money out of the Dominion of Canada into the United States, and to thereby cause the victim to be deported from the United States to Canada, with the intent to extort money from the victim. It was there contended that the threatened offense was not one against the laws of Florida, but against the laws of Canada. In holding the information to be sufficient to withstand the attack made upon it, the Supreme Court said:
"Under F.S. § 836.05, F.S.A., threats to accuse a person of an offense, or to do him any injury to his person or property may not be a crime unless the same is done `with the intent to compel the person so threatened, or any other person, to do any act against his will'. The information specifically alleged that the threat to cause deportation was made maliciously with the intent to extort money.
"The threat to cause deportation as alleged in the information for the purpose of extorting money was sufficient to constitute a crime under F.S. § 836.05, F.S.A., because it was a threat made with intent `to compel the person so threatened * * * to do an(y) act against his will.' * * *"
*858 Appellee argues that the statute applied only to threats involving individuals, and should not be so construed as to include within its proscription threats directed primarily against a corporation. With this contention we are unable to agree. The nature of the entity against whom the threat is primarily directed is of importance only in determining whether such a relationship exists between the entity and the person to whom the threat is communicated as would be calculated to coerce the victim to meet the demands of the extortioner in order to prevent the threat from being carried out. It therefore is of no consequence whether the threat is primarily directed against the victim himself, his loved ones, his friends or a corporation with which he is actively identified and in which he owns an interest.
For the reasons hereinabove stated it is our view that both counts 1 and 4 of the information adequately charge an offense under the statute here considered, and that the trial court erred in entering its order quashing these counts of the information.[5]
We now turn to counts 2 and 3 of the information which appellee contends by his cross-appeal to be insufficient to charge an offense under the statute. Appellee contends that the trial court erred in denying his motion to quash these counts of the information. In substance, count 2 of the information charges that:
"* * * George L. McInnes of the County of Duval and State of Florida on the twentieth day of August, A.D. 1959, in the County and State aforesaid, and on divers other days and times between the twentieth day of August A.D. 1959, and the twelfth day of October, A.D. 1959, in the County and State aforesaid, did unlawfully and maliciously verbally threaten to accuse John N. Blow of an offense, to-wit: a wilful attempt to evade or defeat the payment of lawful income taxes in violation of the Internal Revenue Laws of the United States of America, with the intent thereby to extort money from the said John N. Blow."
Count 3 of the information charges that:
"* * * George L. McInnes of the County of Duval and State of Florida on the twentieth day of August, A.D. 1959, in the County and State aforesaid, and on divers other days and times between the twentieth day of August A.D. 1959, and the twelfth day of October, A.D. 1959, in the County and State aforesaid, did unlawfully and maliciously verbally threaten to expose John N. Blow to disgrace and injure the reputation of John N. Blow, that is, that he, George L. McInnes, would tell the wife of said John N. Blow and other persons that he, John N. Blow, had spent the night with a girl in a hotel room, with the intent thereby to extort money from the said John N. Blow."
It is appellee's contention that all four counts of the information should have been quashed in response to that ground of his motion which alleges:
"That the entire Second Amended Information, and each and every count thereof, is not based upon evidence presented before said County Solicitor by due process of the Criminal Court of Record in and for Duval County, Florida, and said County Solicitor did not, prior to the filing of said Second Amended Information, have before him sworn testimony of witnesses whose appearance was required by process of said Court, and who gave testimony relating to the charges contained in said second Amended Information."
It appears to be appellee's position that in order for an information to meet the requirements of law it must be based upon the *859 testimony of witnesses who have been subpoenaed by process of the court, and who have personally appeared before the County Solicitor and testified under oath to the facts constituting the offense charged in the information.
The only constitutional and statutory requirement with respect to a criminal charge based upon an information is that the information shall be under oath filed by the prosecuting attorney of the court wherein the information is filed.[6] Although the law requires that the allegations set forth in the information be based upon facts that have been sworn to as true, we are aware of no provision of either the Constitution or statutes which requires that such facts be sworn to only by witnesses who are subpoenaed by due process of law to appear before the prosecuting attorney, and who have there testified under oath. The prosecuting attorney is privileged to base the allegations of his information upon facts sworn to by witnesses, regardless of whether those witnesses gave their testimony pursuant to a legally issued subpoena, and whether the witnesses were before the prosecuting attorney at the time they gave their sworn testimony. In discussing this question the Supreme Court in the Anderson case[7] said:
"We are unable to read into these constitutional provisions, supra, or statutes controlling the subject, or the previous decisions of this court, the requirements, that the information so filed by a solicitor of the Criminal Court of Record shall be based solely and exclusively upon the testimony taken before him. Such a construction thereof is not warranted, nor justified by any reasonable inferences drawn therefrom."
In the Bedami case[8] the Second District Court of Appeal said:
"The judicial history of informations does not bear out the contention of the petitioner that a solicitor may file an information only upon sworn testimony before him or upon an indictment of a grand jury certified to the criminal court."
In the Di Bona case[9], the Second District Court of Appeal again said:
"Moreover, the provisions of section 32.18, Fla. Stat., F.S.A. and Constitutional Declaration of Rights, sec. 10, F.S.A., relating to the provision that all offenses in a criminal court of record shall be prosecuted on information under oath filed by prosecuting attorney, have been held to not require that informations filed by a solicitor of the criminal court of record be based solely and exclusively on testimony taken before him in determining whether the action should be instituted. Neither the the court nor the defendant may inquire into the sufficiency of the evidence presented to the county solicitor as a basis for the information because the solicitor is the sole and final judge in the determination of whether the evidence is adequate to support the filing of the information."
We have carefully considered the remaining points urged by appellee in support of his contention that the court erred in refusing to quash counts 2 and 3 of the information, but have concluded that the contentions asserted are without merit.
That provision of the order appealed which quashed counts 1 and 4 of the information is hereby reversed. That provision of the order denying the motion to quash counts 2 and 3 of the information *860 is affirmed. The cause is remanded for further proceedings consistent with the views expressed herein.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] For authority to cross-appeal see State of Florida v. McInnes, (Fla.App. 1961) 133 So.2d 581.
[2] F.S. Section 836.05, F.S.A.
[3] 22 Am.Jur., Extortion and Blackmail, § 20, p. 239.
[4] Petersen v. Mayo, (Fla. 1953) 65 So.2d 48.
[5] See Horner v. State, (Fla.App. 1963) 149 So.2d 863.
[6] Constitution of Florida, Declaration of Rights, § 10, F.S.A.; F.S. § 32.18, F.S.A.
[7] Anderson v. State, 134 Fla. 290, 183 So. 735.
[8] Bedami v. State of Florida, (Fla.App. 1959) 112 So.2d 284.
[9] Di Bona v. State, (Fla.App. 1960) 121 So.2d 192.