HENDRY, Judge.
The defendants below, Manson Hill, Leslie Van Buskirk and David Helman, were indicted by the Dade County Grand Jury on a charge of aiding and abetting the commission of a felony. All of the defendants were employed as deputy sheriffs at the time they were indicted. Pursuant to the provisions of § 32.18, Fla.Stat., F.S.A., the state attorney filed an information in the criminal court of record, which information traced the language of the indictment. This information was quashed by the trial court on the ground that it failed to allege any connection between the acts complained of and the official duties of the defendants. Such allegation was necessary to bring these defendants within the special statute of limitations, § 932.06, Fla.Stat., F.S.A. The state was /given twenty days to refile. A second information was filed, which information again traced the language of the indictment with the singular exception of an added allegation that the defendants were *155 public officials at the time of the commission of the offense charged. This new information was likewise quashed, whereupon the state appealed.
The state presents three points for reversal, two of which were decided and discussed in the companion case of State v. Buchanan, Fla.App.1968, 207 So.2d 711. We will adhere to our position in the Buchanan case as a basis for disposition of those two points in the instant appeal. However, the third point here presented merits some discussion.
The order appealed recites:
“Defendants contend that the State Attorney has no right to amend an information when that information is based upon facts alleged in an indictment without resubmitting [sic] the entire matter to the Grand Jury and obtaining a new indictment.
“Apparently, the State sought to cure the defects in the indictment and original information by the filing of a new information ‘based upon facts alleged’ in the defective indictment. The defendants claim this is unauthorized and without warrant of law and move to quash on that ground.
“It is the opinion of this Court that the motion to quash on this ground should be granted. The State Attorney is not empowered to enlarge or expand the contents of an indictment without resubmission of the cause to the Grand Jury; or (if abandoning the indictment as the basis for the information) he may file an information upon oath as set forth in 923.02 F.S. [sic § 923.03(2), Fla.Stat., F.S.A.]”
It is the state’s contention that the trial court erred in so ruling. We can not agree.
It is clear that prosecution of a criminal offense not involving capital punishment may be by indictment or by information. The grand jury and the state attorney have concurrent authority to file formal accusation. State ex rel. Latour v. Stone, 135 Fla. 816, 185 So. 729, 120 A.L.R. 711 (1939); Declaration of Rights, § 10, Fla.Const. 25 F.S.A.; Article V, § 9(5), Fla.Const., 26 F.S.A. Two types of informa-tions may be filed by the state attorney, those based upon indictments pursuant to § 32.18, Fla.Stat., F.S.A., and those based upon sworn testimony in accordance with § 923.03(2), Fla.Stat., F.S.A. In the latter case, the testimony upon which the information is based need not be taken in the presence of the state attorney, so long as it is given under oath. See: State v. McInnes, Fla.App.1963, 153 So.2d 854, and cases cited therein.
An examination of the record on appeal reveals that the indictment against these defendants was no less defective at the time of the filing of the second information than it was at the time the first information was quashed. At no time during the entire course of the proceedings could there have been a valid information based solely upon the indictment, as provided in § 32.-18(4), Fla.Stat., F.S.A. Therefore, if a valid information were to have been filed, such an information would necessarily have to have been based upon sworn testimony as provided in § 923.03(2), Fla.Stat., supra. Further examination of the record indicates that the second information was based solely upon the indictment, and hence was defective since the indictment contained no allegation regarding the defendants’ official capacity.
This is not to say that the state attorney could not have based an information upon the sworn testimony of witnesses before the grand jury. We hold only that there is no showing whatever that the additional allegation contained in the second information was based upon sworn testimony. For the reasons above expressed, the order appealed must be affirmed.
Affirmed.