PER CURIAM.
The appellant is the State of Florida. The appellees, Manson Hill, Leslie Van Buskirk, David Helman, George Busby and Ernest Ferguson were defendants in the Criminal Court of Record. The State appeals an order quashing an information charging the five defendants with grand larceny. The defendants-appellees, Leslie Van Buskirk, David Helman and Ernest Ferguson have filed cross-assignments of error directed to portions of the order which denied their respective claims to immunity from prosecution.
The opinion of the trial judge sets forth the facts which are the basis of the State’s appeal:
“An Indictment containing two Counts of Grand Larqeny was presented against these defendants on November 4, 1966, by the Spring Term, 1966, Dade County Grand Jury; the State Attorney on November 21, 1966, filed an Information ‘based upon facts alleged’ in the Indictment, the Information tracing the language of the Indictment, Motions to Quash the Information were filed by all of the defendants, and the Motions were granted by this Court on December 19, 1966, with leave granted the State to refile the Information within twenty (20) days. (No formal Order granting the Motions to Quash was entered by this Court, however, the Clerk’s Minutes and the records in the file reflect the ruling of the Court). The Motions to Quash were granted as to both Counts on the following grounds:
(1) That neither Count alleged a date of the offense.
(2) That the Counts were duplicitous, and
(3) That the Counts failed to allege that the offenses were connected with the discharge of the duties of the defendants’ offices. (The State took the position at the hearing on the Motions to Quash that the date intended to have been alleged was January 2, 1963 — more than two (2) years from the date of the filing of the Indictment and Information.)
Thereafter, the State, on January 6, 1967, filed a new Information containing only one Count of Grand Larceny, alleging a specific date of the offense, and alleging that the offense was connected with the discharge of the duties of the defendants’ offices. The jurat of the new Information reads:
STATE OF FLORIDA:
COUNTY OF DADE:
Personally appeared before me, RICHARD E. GERSTEIN, State Attorney of the Eleventh Judicial Circuit of Florida, who being first duly sworn, says that the allegations as set forth in the foregoing Information as based upon facts alleged in that, certain Indictment presented by the Grand Jury of Dade County, Florida, and filed in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for the County of Dade, Spring Term, 1966, in the case of the State of Florida, Plaintiff, vs. MANSON HILL; LESLIE VAN BUSKIRK; GEORGE BUSBY also known as GEORGE BÜSBEE, and ERNEST FERGUSON, Defendants, charged with the offense of Grand Larceny, and which *869 facts stated in said Indictment, if true, would constitute the offense charged in the above and foregoing Information. Sworn to' and subscribed before me this 5th day of January, 1967.
J. F. McCracken, Clerk
Criminal Court of Record,
Dade County, Florida
By: WANA E. SAMPSON, D. C.
Apparently, in filing the new Information, the State sought to cure the defects in the original Indictment and Information by filing a new Information ‘based upon the facts alleged’ in the original defective Indictment. The defendants claim this is unauthorized and without warrant of law, and moved to quash the Information on that ground.
“It is the opinion of this Court that the Motions to Quash should be granted on the ground asserted. The State Attorney is not empowered to enlarge or expand the contents of an Indictment without re-submission of the cause to the Grand Jury; or (if abandoning the Indictment as the basis for the Information) he may file an Information upon oath as set forth in Section 923.02, Florida Statutes [F.S.A.].”
The first point presented by the State urges that the trial judge erred ,in ruling that the State Attorney has no authority to enlarge or expand the contents of an indictment. We find our holding in State v. Hill, Fla.App. 1968, 208 So.2d 154 [opinion filed March 12, 1968] applicable here, because there is no showing that the additional allegations contained in the second information were based upon sworn testimony. Therefore, no error has been demonstrated upon the State’s first point.
The State’s second and third points are directed only to a portion of the order which found defendant George Busbee was granted immunity by his testimony before the Dade County Grand Jury. We have previously set forth our views as to the law applicable to these points in State v. Buchanan, Fla.App. 1968, 207 So.2d 711 [opinion filed March 4, 1968]. We note also, that having held the trial judge did not commit error in quashing the information upon the ground discussed under point one, we need not pursue these points further.
Having determined the trial judge did not commit error in quashing the information, we do not consider appellees’ cross assignments.
Affirmed.