BRADY L. PREVATT v. STATE.

184 So. 860.
Opinion Filed November 28, 1938.
Rehearing Denied December 22, 1938.

*E. M. Baynes,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—Writ of error brings for review judgment of conviction of the crime of perjury.

The information charged:

"That Brady L. Prevatt of the County of Palm Beach and State of Florida, on the 18th day of September in the year of our Lord one thousand, nine hundred and thirty-six in the County and State aforesaid a certain cause was then and there pending in the Chancery side of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County,

Florida, in which one Russell Sutcliffe and Elma L. Sutcliffe were Petitioners, and Bobby Sutcliffe Miller was defendant; that said cause was a Petition for the custody of the minor child, Russell Sherrick Sutcliffe, and it then and there became and was a material matter of which said Court then and there had jurisdiction for the Court and Judge to know and be informed as to whether or not Bobbie Sutcliffe Miller was a fit and proper person to have the care, custody and control of the said minor child, Russell Sherrick Sutcliffe, and the said Brady L. Prevatt then and there with his own consent and in due form of law was sworn as a witness in said cause before the Honorable C. E. Chillingworth, Judge of said Court, and the said Brady L. Prevatt voluntarily, with his own consent, took an oath as witness to tell the truth, the whole truth and nothing but the truth; the said oath being administered by the said Judge, touching upon the matter of the fitness of the said Bobbie Sutcliffe Miller and the fact whether or not the said Bobbie Sutcliffe Miller was a fit and proper person to have the care, custody and control of the said Russell Sherrick Sutcliffe and the said Brady L. Prevatt then and there, upon his oath as a witness aforesaid, did wilfully, wickedly, corruptly, designedly and falsely swear and depose in substance, that during the winter prior to the 18th day of September, 1936, he saw the said Bobbie Sutcliffe Miller at the Lake Worth casino several times and that nearly every time that she came there she came drunk, and that she would very often curse, and that he had to get her several times and her party to go back in the wing of the dance hall where they had tables and chairs and that on one occasion Roy Austin was present, which said statements of fact aforesaid were then and there knowingly, designedly, wilfully, wickedly and corruptly perjured, false and untrue, and the said Brady L. Prevatt then and there well knew the statements, depositions

and testimony and the particulars aforesaid were false, perjured and untrue, but notwithstanding, he the said Brady L. Prevatt, then and there in said Court and said cause then and there the same upon his oath testified to and swore, in substance, as aforesaid, for the purpose of deceiving the said Court and to cause the said Court to award the care, custody and control of the said minor child, Russell Sherrick Sutcliffe, to Petitioners Russell Sutcliffe and Elma L Sutcliffe; that whereas, in truth and in fact, the truth of the matter then and there so sworn and testified to by the said Brady L. Prevatt was that the said Bobbie Sutcliffe Miller was at no time during the winter prior to the 18th day of September, 1936 at the Lake Worth Casino; that she was not drunk there; that she did not curse there; and that she was never asked to leave the floor by the said Brady L. Prevatt; and these facts the said Brady L. Prevatt then and there well knew to be true; and perjury, he, the said Brady L. Prevatt, did in the manner and form aforesaid then and there commit, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

Plea in abatement was filed, alleging:

"1.   That the witnesses before the County Solicitor upon which the information was based were not brought in before the said County Solicitor by due process of the Criminal Court of Record of Palm Beach County, Florida.

"2.   That the evidence produced before the County Solicitor was insufficient in law upon which to base an information for jerjury, and of this the defendant is ready to verify.

"Wherefore, your defendant prays judgment of the said information, and that the same may be quashed."

Issue was joined on the plea in abatement. Trial was had and the jury returned a verdict, as follows:

"We, the jury, find that the witnesses before the County Solicitor upon which the information in this case was based were brought in before the said County Solicitor by due process of the Criminal Court of Record of Palm Beach County, Florida; so say we all." Thereupon, the plea in abatement was denied and dismissed.

. At the close of the testimony the defendant moved for directed verdict as follows:

"Mr. BAYNES: I would like to make a Motion for a Directed Verdict, upon the following grounds:

"1. The State has not proved that the cause then and there pending in the Chancery side of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, was one in which one Russell Sutcliffe and Elma L. Sutcliffe were Petitioners and Bobbie Sutcliffe Miller was Defendant, but that the evidence shows that no such case was then pending or has ever been pending in the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County, Florida.

"2. That no venue has been shown.

"3. That there is not shown that the testimony alleged to have been given was wilfully, wickedly, corruptly, designedly and falsely made, as alleged in this Information.

"4. That the evidence itself is not sufficient to base a conviction upon for the reason that it is insufficient in law in that it is now shown by two witnesses or by one witness and other corroborating circumstances amounting to the testimony of another witness."

Motion was denied.

The jury returned verdict of guilty, whereupon motion for new trial was filed containing four grounds, as follows:

"1. That the verdict and judgment is contrary to law.

"2. That the verdict and judgment is contrary to evidence.

"3. That the verdict and judgment is contrary to the weight of the evidence.

"4. That the State failed to prove the venue."

Motion was denied.

The plea in abatement, while not as clear as it might have been, was not demurred to and it may be that the allegations of paragraph 1 constituted a sufficient plea. This question, however, is not presented because the State joined issue on the plea. During the progress of the trial on the plea in abatement, the following occurred:

(Mrs. Jennie Moore having been sworn as a witness).

"MR. ROEBUCK:

"Q. I will ask you to tell the jury whether or not during the time you were in my office and before you were sworn there, and before testifying, were you served with a subpoena?

"A. Yes.

"Q. Tell the jury who served that subpoena upon you.

"A. Mr. Matthews, I believe, a deputy sheriff.

"Q. I will ask you whether or not you know Mr. Matthews to be a deputy sheriff of this County?

"A. Yes.

"Q. After the time of the service of this subpoena in my office, state whether or not you were then sworn.

"A. I was.

"Q. Tell the jury whether or not you then testified before me; not what you testified to, but did you testify before me?

"A. I did, under a sworn statement, to Mr. Roebuck.

"ON EXAMINATION BY MR. BAYNES:

"Q. Did you testify in reference to a charge against Brady L. Prevatt for perjury?

"A. I did.

"Q. Do you know anything personally about the facts in this case?

"MR. ROEBUCKS I object, Your Honor; whatever she testified to is a privileged communication like testimony in the Grand Jury Room.

"MR. BAYNES: Let the jury retire, please.

"THE COURT: I don't see any objection to them hearing it; they are not to decide that part.

"MR. BAYNES: Mrs. Moore, what did you testify to?

"MR. ROEBUCK: I object, Your Honor.

"THE COURT: Sustained. EXCEPTIONS NOTED.

"MR. BAYNES: I have a case in point, Your Honor.

"THE COURT: The Court is so clear that that is not admissible that I don't think we will go into it.

"MR. BAYNES: I think we have the right to make proffer.

"MR. ROEBUCK: I object, Your Honor.

"THE COURT: Sustained. EXCEPTIONS NOTED.

"MR. BAYNES: Please let the record show that counsel for defendant in the Plea in Abatement—that the Court refused to allow him to show and make proffer, in the absence of the jury, of what the witness would testify to and that the Court did not require the jury to retire from the Court Room, to which the Defendant

"NOTES EXCEPTIONS.

"MR. BAYNES: If that is the ruling of the Court, I couldn't go any further in the Plea in Abatement.

"THE COURT: That is the ruling of the Court.

"Q. How many of you witnesses appeared before the County Solicitor at that time when you were up there?

"A. Myself and my daughter.

"Q. You all were the only two?

"A. Yes.

"Q. You received your subpoena after you had gotten into the County Solicitor's Office?

"A. Yes.

"Q. And it was received by you and your daughter in the County Solicitor's Office?

"A. Yes, Sir."

Then, when Mr. Roebuck, the County Solicitor, was on the stand the following occurred:

"Q. They voluntarily came there and after they came there you had this praecipe for subpoena gotten out?

"A. Yes, just like I have probably thousands of others, as a matter of convenience; I had this issued and got a Deputy Sheriff, called and asked him to come to my office and took the witness subpoenas there, together with the original, to my office, and he handed it to them, served them in my office, and I swore them in the presence of Mrs. Rowe and inquired of them what they knew about this Brady Prevatt perjury case.

"Q. Did Mrs. Jennie Moore testify before you?

"A. She did.

"Q. In the testimony of Mrs. Bobbie Sutcliffe Miller, what if any testimony did Mrs. Jennie Moore give with reference to the facts alleged in this information?

"Mr. Amis: Your Honor, we object to that—

"The Court: Sustained: Exceptions Noted.

"Mr. Baynes: We would like to make proffer, Your Honor, please, and would like to ask the jury to retire and for this proffer to get into the record.

"Mr. Amis: We object, Your Honor; we think the Court has already ruled on that.

"The Court: Sustained: Exceptions Noted. Witness Excused."

It is contention of the plaintiff in error that in the ruling of the Court as above indicated reversible error occurred.

We must hold that the contention is without merit. The same rule which we have applied to pleas in abatement to and motions to quash indictments should be applied to pleas in abatement to and motions to quash informations. The motion here was to quash the information on plea in abatement. The plea contained a ground which, if found to exist, would have been fatal.

So it was proper to join issue instead of filing demurrer, but that did not mean that the State would be required to disprove or that the defendant could prevail by proving an unwarranted and immaterial allegation of the plea.

In Richardson v. State, 100 Fla. 835, 130 Sou. 718, we held:

"The provision contained in Section 10 of the Declaration of Rights of the Constitution of 1885 that 'no person shall be tried for a capital crime or other felony, unless on presentment or indictment by a grand jury, except as is otherwise provided in this Constitution' does not require a trial court in which an indictment is filed against one to inquire into the character of evidence that influenced the grand jury in finding the indictment."

And in that case we also said:

"The rule contended for by counsel for the plaintiff in error is manifestly unsound because if one against whom an indictment is returned charging him with a criminal offense may enquire whether any witnesses were examined before the grand jury upon the charge or whether any evidence was heard by it upon such charges he could question both the relevancy and sufficiency of such evidence if witnesses were examined, because if witnesses were examined who said nothing material to the charge it follows that no evidence was produced as to the charge."

While it is true that an information is required to have attached the affidavit by the County Solicitor "that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged." and the law requires that the information be based on facts sworn to before an officer having jurisdiction to administer the oath, the sufficiency of the evidence so presented to the County Solicitor is a matter of which the County Solicitor must be the sole and final judge and as to which neither the court nor the defendant may inquire. This must be true, else in all cases the State would first be put to the trial of a plea in abatement and then to a trial on the merits.

The second question presented in brief is:

"Did the evidence show that the venue was in Palm Beach County, Florida, or that the cause in which it is alleged that perjury was committed was pending in Palm Beach County, Florida?"

The record shows that a petition was filed in the Circuit Court of the Fifteenth Judicial Circuit of Florida captioned as follows:

"IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR PALM BEACH COUNTY IN CHANCERY No. 10625.

"RUSSELL SUTCLIFFE, Plaintiff v. BOBBIE SUTCLIFFE, Defendant.

PETITION.

"Comes now, Russell Sutcliffe and his mother Elma L. Sutcliffe, and files this their Petition in the above entitled cause and would respecfully show unto this honorable Court:"

The petition concerned the custody of a minor child then

under the jurisdiction of the Circuit Court of such Circuit. The prayer of the Petition was:

"WHEREFORE your petitioners pray that Elma L. Sutcliffe or Russell Sutcliffe father of said child be given full control and custody of the said child, Russell Sutcliffe, and that the said Thomas O. Miller (Okla Miller) and his wife be enjoined from further pursuing their application for adoption of this child and for such other and further relief in the premises as the Court shall deem proper."

On that petition an order was made as follows:

"IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR PALM BEACH COUNTY.

"IN CHANCERY No. 10,625

"RUSSELL SUTCLIFFE, Plaintiff, v. BOBBIE SUTCLIFFE, Defendant

"ORDER

"This cause was duly presented by counsel upon plaintiff's petition filed September 14, 1936. Both parties presented testimony and the matter was duly argued.

"After the presentation of the evidence, counsel, at the request of the court, and in the presence of the parties, further expressed their views as to what course should be pursued that would be most conducive to the welfare of the child.

"Upon consideration thereof, it is ORDERED, ADJUDGED AND DECREED that the orders heretofore entered with reference to the custody of the child Russell Sherrick Sutcliffe be and they are modified to the extent as set forth herein;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff shall have custody of the child from seven o'clock P. M. each Saturday night until seven o'clock P. M. on each Sunday night, and that the defendant shall have the

custody of the child at all other times. At all times each party shall be entitled to visit the child while in the custody of the other party, so long as this is carried out in a reasonable and considerate manner. While in the custody of either party, the child shall be permitted to visit with his grandparents, and others.

"AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Court retain jurisdiction of this cause for the purpose of entering further orders with reference to the custody of the child and, if the defendant shall so desire, orders with reference to payment for his support and maintenance while in her care.

"DONE AND ORDERED, at West Palm Beach, Florida, this 2nd day of October, A. D. 1936."

It will be seen from a reading of the information hereinabove quoted that it alleges:

"A certain cause was then and there pending in the Chancery side of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, in which one Russell Sutcliffe and Elma L. Sutcliffe were Petitioners and Bobbie Sutcliffe Miller was defendant; that said cause was a Petition for the custody of the minor child, Russell Sherrick Sutcliffe, and it then and there became and was a material matter of which said Court then and there had jurisdiction for the Court and Judge to know and be informed as to whether or not Bobbie Sutcliffe Miller was a fit and proper person to have the care, custody and control of the said minor child, Russell Sherrick Sutcliffe, * * * "

It is clearly shown that in the taking of testimony on matters presented by the petition above referred to was where the alleged perjury occurred. While the petition appears to have been filed ancillary to a divorce proceeding, the then

proceeding in the Circuit Court was on the petition of Russell Sutcliffe and his mother Elma L. Sutcliffe. It appears that Bobbie Sutcliffe and Bobbie Sutcliffe Miller are one and the same person, the former wife of Russell Sutcliffe and the mother of the minor child Russell Sherrick Sutcliffe.

We must hold that the venue was sufficiently alleged and proved, as was also, the identity of the legal proceeding and the jurisdiction of the Court in which the perjury was alleged to have been committed.

The third question presented is:

"Did the Court err in its failure and refusal to charge the jury that in order to convict the defendant of perjury it must be upon the testimony of at least two witnesses, or by one witness and other corroborating circumstances amounting to the testimony of another witness?"

·The question is based on the matter which occurred just as the Court finished giving its charge as follows:

"MR. BAYNES: Your Honor, I want your Honor to charge the jury that principle of evidence with reference to the necessity of two witnesses.

THE COURT: I don't believe that material to charge; I believe that is a rule governing sufficiency or admissibility of evidence and I don't believe it is a matter to charge the jury about, although it may be, but in this case they were not charged to that effect. The Court just states that that is the law in passing on the sufficiency of evidence. That was not given in charge in this case. The Court just stated that that is the law, when it passed upon the sufficiency of evidence, I think. I believe that that is a rule for the admission of evidence."

Under the state of the record, we think it would have been harmless error for the Court to have refused a prepared though proper charge in line with defendant's request. See

Oxford v. State, 40 Ga. Appeals 511, 150 S. E. 466; Manning v. State, 33 Ga. Appeals 610, 127 S. E. 475. But here the defendant did not formulate any charge and request the same in writing and, therefore, is not in position to complain.

On inspection of the entire record we find no reversible error and the judgment is affirmed.

So ordered.

Affirmed.

TERRELL, C. J. and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., not participating.