State, *ex rel.* George Couper Gibbs, As Attorney General, v. T. Frank Hobson, As Circuit Judge, and Karlyle O'Berry.

185 So. 147.

En Banc

Opinion Filed December 10, 1938.

*George Couper Gibbs*, Attorney General, *Tyrus A. Norwood*, Assistant Attorney General, and *W. M. Smiley*, Assistant State Attorney, for Relator;

*McKay, MacFarlane, Jackson & Ramsey*, for Respondents.

Per Curiam.—On the second day of December, 1938, a rule *nisi* in prohibition issued out of this Court addressed to Honorable T. Frank Hobson, Judge of the Sixth Judicial Circuit of Florida, directing him to show cause why he should not be prohibited from further proceeding to take testimony in a certain cause pending before him by reason of a writ of habeas corpus issued by a Justice of this Court and returnable before the said Circuit Judge.

The theory forming the basis of the rule *nisi* was that the Circuit Judge, although he was empowered to entertain

the writ of habeas corpus, had no authority to examine witnesses to determine whether probable cause existed to charge Karlyle O'Berry with the crime of manslaughter when an information setting out the violation of law by the said Karlyle O'Berry had already been filed.

A return to the rule *nisi* in prohibition was made by Honorable T. Frank Hobson and a demurrer to the petition was filed by the said Karlyle O'Berry.

The Court has considered the rule in the cause and heard the remarks of the Assistant Attorney General, the Assistant State Attorney for the Twelfth Judicial Circuit and Counsel for Karlyle O'Berry. The Court is of the opinion that the main question involved, viz.: whether, in response to the writ of habeas corpus issued by a Justice of the Supreme Court and returnable before the Circuit Judge, he may hold an inquiry to determine if there is probable cause for the charge by information that Karlyle O'Berry has committed the said offense, cannot be properly determined in a proceeding of this character but can only be decided on writ of error. See 5444 C. G. L. 1927.

It is, therefore, the order of the Court that the rule *nisi* be, and it is hereby quashed.

TERRELL, C. J. and WHITFIELD, BROWN, CHAPMAN, and THOMAS, J. J., concur.

BUFORD, J., dissents.

WHITFIELD, BROWN and CHAPMAN, JUSTICES concurring specially.

In concurring in the above opinion, which holds that the question stated is one that cannot be decided within the narrow limits of a writ of prohibition, we do not mean to intimate that the respondent Circuit Judge *should* proceed to take testimony to ascertain whether the State Attorney had probable cause for the filing of the information. See

White v. Penton, 92 Fla. 837, 110 So. 533; State v. Vasquez, 49 Fla. 126, 38 So. 830.

TERRELL, C. J.—I concur in conclusion reached by Justices WHITFIELD, BROWN and CHAPMAN in this concurring opinion.

THOMAS, J., concurs.

BUFORD, J. (dissenting)—I cannot agree with conclusion reached by the majority of the Court which constitutes the basis for the order quashing the writ of prohibition herein issued.

My opinion is that the record shows that Judge Hobson is about to take the testimony of witnesses to determine whether or not there is probable cause to believe that the petitioner is guilty of the offense charged in an information valid on its face duly filed by the States' Attorney in the Circuit Court having jurisdiction of the offense charged.

If the Circuit Judge may not take and consider such testimony and evidence in habeas corpus proceedings subsequent to the filing of an information under the applicable provisions of the Constitution, it is because the Circuit Judge is without jurisdiction to determine the question of the existence of probable cause in the face of a legally sufficient information charging the offense about which the inquiry is to be made. If such inquiry is beyond the jurisdiction of the Circuit Judge under the conditions stated then he is about to act in excess of his jurisdiction and prohibition lies to prevent his pursuing such course.

For the reason stated, I think the motion to quash should be denied and the question involved should be determined at an early date on the petition and return thereto, which has been filed here by the respondent Circuit Judge.