121 So.2d 192 (1960)
Guido DI BONA, Appellant,
v.
STATE of Florida, Appellee.
No. 1402.
District Court of Appeal of Florida. Second District.
June 10, 1960.
*193 Ray Sandstrom, Sandstrom & Hodge, Fort Lauderdale, for appellant.
Richard W. Ervin, Atty. Gen., Joseph Nesbitt, Asst. Atty. Gen., for appellee.
ALLEN, Chief Judge.
The appellant was charged by information with knowingly unlawfully receiving or unlawfully concealing a stolen white mink coat the value of which was in excess of $100. The appellant was found guilty by a jury and judgment and sentence was entered thereon by the court.
During an investigation of a fur theft by the Fort Lauderdale police and the Broward County sheriff's office, it was discovered that appellant was involved in the selling or disposing of these furs. At approximately 2:00 a.m. on December 30, 1958, the appellant was asked to come to police headquarters. It was disclosed that during the preceding afternoon several furs and numerous rings were found and taken from the business establishment of a Mr. Baines known as Porky's Hideaway by a deputy sheriff of Broward County. At approximately midnight on the same day, two of these furs were identified by a Mr. Chohany as being furs which had been "stolen" from his place of employment on May 15, 1958. Immediately thereafter an arrest order was issued for appellant and Mr. Baines. Baines was placed under arrest at 1:00 a.m. Baines then apparently confessed to aiding in the disposition of stolen property and also implicated appellant in the offense When appellant was brought in to the police station and confronted with Baines the appellant purportedly made an oral confession after being warned of his constitution rights. This confession was reduced to writing by his interrogators and the appellant signed it after he had been permitted to call his attorney.
The appellant now contends that since there was no evidence implicating him at the time the arrest order was issued, and since he was arrested without a warrant, he was therefore entitled to a preliminary hearing. The record discloses that although appellant was "asked" to come to police headquarters, after Baines made his statement, appellant was retained or, in other words, was not free to leave, and subsequently was actually placed under arrest.
The appellant contends that a preliminary examination, pursuant to section 901.23, F.S.A., is an indispensable prerequisite to a criminal prosecution in which a defendant is taken into custody without a warrant. A preliminary hearing is in the nature of an inquiry with the purpose being to determine if probable cause exists to justify holding the accused for trial. Davis v. State, Fla. 1953, 65 So.2d 307. It likewise is the purpose of section 901.23 to require the officer, after arrest and without unnecessary delay, to make or cause to be made an affidavit before the magistrate before the issuance of a warrant, or give the prosecuting attorney sufficient evidence upon which an information can be filed. If a warrant is not obtained, the officer can give to the prosecuting attorney the necessary evidence for the filing of an information and issuance of a capias.
As to whether a preliminary examination is an indispensable prerequisite to the filing of an information, the Supreme Court in Rouse v. State, 44 Fla. 148, 32 So. 784, 785, stated:

*194 "* * * Under our system a preliminary investigation of a criminal charge by a committing officer is not an indispensable prerequisite to the finding of an indictment by a grand jury, or the filing an information by a prosecuting attorney of a criminal court of record. The grand jury may indict where there has been no such investigation, and so the prosecuting attorney in a criminal court of record may act without reference to any investigation by a committing magistrate. * * *."
Moreover, the provisions of section 32.18, Fla. Stat., F.S.A. and Constitutional Declaration of Rights, sec. 10, F.S.A., relating to the provision that all offenses in a criminal court of record shall be prosecuted on information under oath filed by prosecuting attorney, have been held to not require that informations filed by a solicitor of the criminal court of record be based solely and exclusively on testimony taken before him in determining whether the action should be instituted. Neither the court nor the defendant may inquire into the sufficiency of the evidence presented to the county solicitor as a basis for the information because the solicitor is the sole and final judge in the determination of whether the evidence is adequate to support the filing of the information. Prevatt v. State, 135 Fla. 226, 184 So. 860; Anderson v. State, 134 Fla. 290, 183 So. 735. It is noted that even if the defendant is granted a preliminary hearing, and the committing magistrate discharges the defendant for lack of probable cause, the officers may still turn over the evidence to the solicitor and, under the above authorities, the solicitor would be warranted in determining de novo whether probable cause existed.
In the instant case the defendant was placed under arrest at approximately 4:00 a.m., December 30, 1958 and was permitted to contact his attorney after being advised of his constitutional rights. Shortly thereafter, upon being confronted with the testimony and person of Donald Baines, an accomplice of defendant, the defendant then made certain oral admissions and written confessions indicating his guilt. On the same date, an information was filed by the solicitor charging the defendant with the crime of receiving or aiding in the concealment of stolen property the value of which exceeded one hundred dollars. Also on the same date, the defendant was released on bail but was denied a preliminary examination.
The defendant has accordingly made no showing of how a preliminary hearing would have altered the institution of the criminal proceeding by the solicitor under the foregoing authorities as applied to the sequence of events that transpired in this case. The fact that a committing magistrate discharges a defendant does not prevent a grand jury or a solicitor from finding that the evidence is sufficient to warrant the filing of an indictment or information. Moreover, there is no evidence of unreasonable detention of the defendant or any other acts that operated to deprive him of his constitutional or statutory rights.
The next contention of the defendant is that there was a variance between the time of the alleged offense as supplied in the bill of particulars and the proof which was introduced thereon. The information charged the defendant with having committed the offense on August 15, 1958. The bill of particulars supplied by the court order stated that the offense occurred on April 15, 1958, or at various times between April 15 and May 15, 1958. The defendant's admission and written confession confessed to receiving the stolen property in July or August of 1958. The testimony of state's witness, Joseph Dumond, placed the time of the offense on May 15, 1958, this being the date that Dumond broke the display window of Adrian Thal, Inc., and took the furs to the defendant's residence.
In instructing the jury, the trial judge gave the defendant's requested instruction No. 12 as follows:

*195 "Gentlemen, the date found in the information herein is not material. However, in this case there has been filed by the State, pursuant to an order of this court, what is known as a bill of particulars, which fixes the offense to have occurred between the 15th of April, 1958 and the 15th day of May, 1958. This is a material and essential element to be proved to your satisfaction beyond and to the exclusion of every reasonable doubt. If you, as jurors, having considered the evidence in the light of these instructions, should determine that all the essential elements of the offense alleged have been proved, but entertain a reasonable doubt that same was committed between the 15th day of April, 1958 and the 15th day of May, 1958, then you should give the benefit of that doubt unto the defendant and acquit him."
The court also instructed the jury that the credibility of admissions and confessions is for them to determine; and that they are free to give credence to that which they found believable and to reject such portions they found unworthy of belief. Dumond's testimony that he stole the furs on May 15, 1958, and delivered them to the defendant the same night plus the testimony of Stephen D. Chohany, the manager of Adrian Thal, Inc., that the store was broken into and the furs taken on May 15, 1958, considered in light of the above instructions would clearly justify the jury in reaching the conclusion that it did. The foregoing quoted instruction was given verbatim as requested by the defendant and, so instructed, it was properly within the province of the jury to resolve the conflicting evidence. There was sufficient evidence, if believed, upon which the conviction could be based, and the jury having based its verdict thereon, this court will not disturb such finding on appeal. See Beard v. State, Fla.App. 1958, 104 So.2d 680; Harris v. State, Fla. App. 1958, 104 So.2d 739, and Harvey v. State, Fla. 1956, 87 So.2d 582.
The one remaining point which we will comment upon concerns the proof of ownership of the stolen property. The information alleged that the property in question belonged to Adrian Thal, Inc. In order to show ownership of the stolen furs, the State introduced the testimony of Stephen Chohany. After the furs were introduced into evidence, Mr. Chohany testified that he was the manager of Adrian Thal, Inc.; that all of the furs in the store belonged to Adrian Thal, Inc.; and that although he had not examined the corporate documents, he knew that the name of the firm was Adrian Thal, Inc. from having seen the name on contracts of the corporation and on a lease.
In Butler v. State, 35 Fla. 246, 17 So. 551, the court, in affirming a conviction for receiving stolen property, the ownership of which was alleged to be in an incorporated entity, held that the proof of de facto existence of the corporation was sufficient and that technical legalities with respect to its existence were unnecessary. The Supreme Court in Duncan v. State, 29 Fla. 439, 10 So. 815, stated that proof of legal ownership was unnecessary because ownership was material only to identify the stolen property. The First District Court of Appeal in the recent case of McClendon v. State, Fla.App. 1960, 117 So.2d 506, held that in a prosecution for receiving stolen goods, the testimony of a witness that the stolen property allegedly received by the defendant was owned by the company named in the information was sufficient to establish ownership of the stolen property, although no evidence was introduced to show that the named company was duly and legally incorporated or that it was in fact a corporation, as alleged in the information.
The trial court in the instant case instructed the jury in regard to this point that the State must prove that the alleged stolen property was the property of Adrian Thal, Inc., and that the State must prove that Adrian Thal, Inc., had the custody of the property and was legally entitled to possession of it in order to show sufficient *196 proof of ownership. We find that the testimony adduced, coupled with this instruction, was sufficient, under the above cases, to establish ownership of the property in question.
We have reviewed all other points raised by the appellant and after careful consideration thereof, are of the opinion that no reversible error having been made to appear, the judgment of the lower court should be affirmed.
Affirmed.
KANNER, J., and BARNS, PAUL, Associate Judge, concur.