PER CURIAM.
This is an appeal from a judgment, upon conviction of robbery, in the Criminal Court of Record for Dade County. The judgment was entered pursuant to a jury verdict, and the defendant was sentenced to a term of 20 years in prison.
On Monday, March 1, 1965, the defendant was arrested at his home without a warrant and was incarcerated in the Dade County Jail where he was interrogated. Defendant was never taken before a committing magistrate.
He was identified by a prosecution witness (Loy Diehl) at a line-up which was held at the County Jail on March 2, 1965.
On March 10, 1965, after defendant had filed a petition for writ of habeas corpus, the State filed an information charging him with robbery.
At the trial, the case for the prosecution consisted of the testimony of Loy Diehl (the operator of the store that was robbed) and his son, Ronald, and their identification of the defendant; the testimony of the law enforcement officer who had ordered the defendant’s arrest and had conducted the line-ups; and the testimony of the officer who had made the initial investigation.
*513 Appellant has presented two points as follows:
“Point I. Whether the defendant’s detention for ten days, upon an arrest without a warrant, and without his being- taken before a magistrate, while incriminating evidence was gathered against him from repeated lineups, amounted to a denial of due process of law pursuant to the Florida Constitution, Section 12, Declaration of Rights [F.S.A.] and United States Constitution, Fourteenth Amendment.
“Point II. Whether there was insufficient evidence to support the verdict.”
Appellant admits that the appellate courts of this State have frequently held that a defendant has not been denied due process of law where evidence has been obtained from him prior to a preliminary hearing. See Milton v. Cochran, Fla.1962, 147 So.2d 137; Montgomery v. State, Fla.1965, 176 So.2d 331.
Appellant urges that his case goes beyond the cases cited because the record demonstrates that the violation of Section 901.23,[1] Fla.Stat.1963, F.S.A., resulted in a grave prejudice to him in his defense. It is urged that if the directions of the statute had been followed, the magistrate would have been required to release the defendant for lack of probable cause to retain the defendant in jail. It is pointed out that the evidence against the defendant was procured at the jail subsequent to the time at which the appellant would have been released if he had been taken before a magistrate. On this basis, appellant urges that reversal is required under the decisions of the Supreme Court of the United States in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, and Watts v. State of Indiana, 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801. See also People v. Hamilton, 359 Mich. 410, 102 N.W.2d 738 (1960), and Vorhauer v. State, Del.1965, 212 A.2d 886.
Appellant’s point appears to have been decided against him by our opinion in Shea v. State, Fla.App.1964, 167 So.2d 796. See also DiBona v. State, Fla.App.1960, 121 So.2d 192. We therefore adhere to our prior opinion on this point.
Appellant’s Point II is without merit once it is determined that the evidence obtained at the line-up was admissible.
Affirmed.

. Section 901.23, Fla.Stat.1963, F.S.A., provides:
Duty of officer after arrest without warrant. — An officer who has arrested a person without a warrant, shall without unnecessary delay take the person arrested before the nearest or most accessible magistrate in the county in which the arrest occurs, having jurisdiction, and shall make before the magistrate a complaint, which shall set forth the facts showing the offense for which the person was arrested; or, if that magistrate is absent or unable to act, before the nearest or most accessible magistrate in the same county.