241 So.2d 720 (1970)
STATE of Florida ex rel. Philip S. SHAILER, State Attorney of the Seventeenth Judicial Circuit in and for Broward County, Florida, Relator,
v.
Hon. Stephen R. BOOHER, Judge of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Respondent.
No. 70-789.
District Court of Appeal of Florida, Fourth District.
December 11, 1970.
*721 Philip S. Shailer, State Atty., Fort Lauderdale, for relator.
Rex Conrad, of Fleming, O'Bryan & Fleming, Fort Lauderdale, for respondent.
H.T. Maloney, of Patterson, Maloney & Frazier, Fort Lauderdale, amicus curiae.
REED, Judge.
This case involves an original application for a writ of prohibition filed in this court pursuant to Rule 4.5, FAR, 32 F.S.A. The petitioner is Philip S. Shailer, the State Attorney for the Florida Seventeenth Judicial Circuit. The respondent is Stephen R. Booher, a judge of the Circuit Court for the Seventeenth Judicial Circuit. On the basis of the preliminary showing made by the petition, this court issued a Rule Nisi directed to the respondent on 23 September 1970. A return to the Rule Nisi has been filed along with briefs.
It appears that the petitioner in his capacity as the State's Attorney for the Seventeenth Judicial Circuit filed an information in the Broward County Court of Record on 11 September 1970 charging one Russell Leroy Iler with second degree murder. Thereafter, Mr. Iler was arrested and confined in the Broward County jail. Mr. Iler made a motion for a preliminary hearing in the court of record, but the motion was denied.
Following the denial of the motion for a preliminary hearing, Mr. Iler filed a petition for habeas corpus in the Broward County Circuit Court before Judge Stephen R. Booher who is now the respondent in this cause. The petition for habeas corpus alleged that Mr. Iler had been denied a *722 right to a preliminary hearing. Following the hearing on the petition for habeas corpus, Judge Booher entered a peremptory writ directing the sheriff of Broward County, Florida, to bring Mr. Iler before a committing magistrate on 23 September 1970 on or before 2:30 p.m. for a preliminary hearing or in the alternative to release Mr. Iler from custody. No appeal was taken from the peremptory writ. Instead, the state's attorney filed in this court the petition for a writ of prohibition now before us. In the petition he requests that this court issue a writ directed to the respondent prohibiting him from executing and enforcing the peremptory writ which the respondent had theretofore entered in the habeas corpus proceeding.
At the outset we question whether or not the writ of prohibition which is sought from this court is appropriate for the relief requested. Even if we prohibited the circuit judge from enforcing the peremptory order directed to the sheriff, it is entirely possible that the sheriff who remains subject to the order might still comply with it. The jurisdiction which this court actually needs in connection with this cause is the jurisdiction to correct or modify the trial court's order, and that jurisdiction would have been conferred on us by a proper appeal. State ex rel. Gibbs v. Hobson, 1938, 135 Fla. 335, 185 So. 147; State ex rel. B.F. Goodrich Co. v. Trammel, 1939, 140 Fla. 500, 192 So. 175. A writ of prohibition is not appropriate to modify or correct an order which has already been entered. Its proper use is to prohibit the doing of something that has not been done rather than to compel the undoing of something already done. State ex rel. R.C. Motor Lines, Inc. v. Boyd, Fla. 1959, 114 So.2d 169.
The petitioner suggests that we have jurisdiction to grant complete relief under the decisional law announced in State ex rel. Perky v. Browne, 1932, 105 Fla. 631, 142 So. 247. In that case the Supreme Court by way of dictum stated that it had the power by writ of prohibition to prohibit the wrongful discharge of a person by one court when such discharge would be in derogation of the processes of another court under whose lawful order the person is held. We do not believe that this dictum would sustain our intrusion into the habeas corpus proceeding in the circuit court. We cannot conclude that the peremptory writ in the habeas corpus proceeding was in derogation of the order issued by the Broward County Court of Record under which Mr. Iler was arrested. The order or capias for Mr. Iler's arrest contemplated a lawful treatment of Iler once arrested, and such treatment includes affording him the right to a preliminary hearing which the circuit judge sought to secure for him.
We conclude that the rule nisi was improvidently issued by this court and that the writ of prohibition should be denied. We do not know when the stay imposed by our rule nisi became effective  whether before or after the time set by the peremptory writ for the preliminary hearing. See Rule 4.5(d) (2), FAR. We, therefore, do not know whether our denial of the writ sought in this case will lead to the release of Mr. Iler under the peremptory writ. If it does, the state should proceed immediately to have Iler re-arrested and, thereafter, proceed according to law.
The underlying issue in this case is whether or not a person arrested after an information has been filed against him has a right to a preliminary hearing, and if so, how may that right be enforced when the same is not voluntarily accorded to the arrested person. By way of dictum we will discuss the issue for the purpose of providing some tentative guidance to those who may be concerned. The petitioner Shailer argues that the right to such a hearing pertains only to a person arrested before an information has been filed against him and not to a person who like Mr. Iler was arrested under a capias issued pursuant to Criminal Procedure Rule 1.150 (a), 33 F.S.A., after an information is filed.
*723 The right to a preliminary hearing emanates from statute whereas the procedure by which it is to be conducted is provided by rule of court. See Rule 1.122 Cr PR. The statute which pertains to this case is F.S. 1969, Section 901.06, F.S.A., and it reads as follows:
"When the arrest by virtue of a warrant occurs in the county where the alleged offense was committed and where the warrant was issued, the officer making the arrest shall without unnecessary delay take the person arrested before the magistrate who issued the warrant or, if that magistrate is absent or unable to act, before the nearest or most accessible magistrate in the same county."
It is true that Mr. Iler was arrested under a "capias", but a capias is nothing more than a warrant for one's arrest; therefore, we must conclude that the above quoted statute applies to one in Mr. Iler's position. Hence, we reject the argument of the petitioner that the right to a preliminary hearing under the aforesaid statute is limited to one who is arrested prior to the filing of an information.
A preliminary hearing serves many important functions. In his dissenting opinion in Sangaree v. Hamlin, Fla. 1970, 235 So.2d 729, 731, Justice Ervin aptly stated:

"When the requirements of § 901.06 and § 901.23 are complied with by arresting authorities, a canopy of procedural protection is afforded an accused by virtue of Rule 1.122. First, presentation of an accused person before a magistrate upon arrest insures that the accused `will be advised of his constitutional rights by a judicial officer, rather than an enforcement officer, before running the gantlet of extensive and protracted interrogation at the hands of law enforcement authorities.'"
A preliminary hearing, however, has repeatedly been held not to be a procedural step essential to due process of law in the state courts. Sangaree v. Hamlin, supra, Palmieri v. State, Fla. 1967, 198 So.2d 633. For this reason, we are of the view that the right to a preliminary hearing should not be enforced by the extraordinary remedy of habeas corpus which may result in the release of a lawfully arrested person. In our opinion, until some other means is provided either by the Florida Supreme Court through its rule-making power or by the legislature of the State of Florida, one who has a right to a preliminary hearing which is not voluntarily accorded to him as contemplated by the statutes of this State (F.S. 1969, section 901.06 and section 901.23, F.S. 1969) should apply to an appropriate court for a writ of mandamus. The relief sought should be appropriate to achieve the desired end, and we think that this is the remedy contemplated by the Florida Supreme Court in its opinion in the recent case of State ex rel. Carty v. Purdy, 240 So.2d 480, opinion filed October 7, 1970.
The Rule Nisi heretofore issued is discharged and the writ of prohibition is denied.
OWEN, J., concurs.
WALDEN, J., concurs specially, with opinion.
WALDEN, Judge (concurring).
I concur in the conclusion to discharge the Rule Nisi and to deny the petition for writ of prohibition, only.