MANN, Judge.
The dictum of a distinguished jurist, Judge Reed, of the Fourth District Court of Appeal,[1] prompted Karz to seek mandamus to compel the trial judge to grant a preliminary hearing. Florida Statutes, § 907.045 (1970), F.S.A.[2] provides a mandatory preliminary hearing for those charged by indictment or information only after the defendant has been held in custody thirty days. Karz was charged by information and has been in custody less than thirty days. Hence mandamus does not lie. In Shailer, a trial judge had exercised his authority to grant a preliminary hearing for cause thought sufficient. Our *764 sister court properly held there that prohibition, which asserts the trial court’s lack of power to do something in the same way that mandamus asserts his powerlcssness to refuse to do some required act, did not lie. In short, the provision for mandatory preliminary hearing after thirty days’ incarceration does not forbid discretionary allowance of a hearing prior to that time.
We note with approval our Supreme Court’s opinion in State ex rel. Carty v. Purdy, 1970, 240 So.2d 480, adopting Mr. Justice Drew’s dissent in Dawson v. State, Fla. 1962, 139 So.2d 408. We share the view that no American citizen should remain long in custody without judicial review of the cause which the state has to confine him. But we think that the requirement in Fla.Stat. § 901.06, F.S.A., that one arrested by virtue of a warrant be taken without unnecessary delay before a committing magistrate does not apply to those arrested on a capias issued upon filing of an indictment or information. There is no case specifically holding that it does. That it does not seems tacitly suggested in several cases.[3] It is the settled doctrine in the federal courts that there is no necessity for a preliminary hearing where an indictment has been found.[4] The federal constitution forbids filing of an information on serious charges without indictment unless waived by the defendant.[5] Florida prosecutors have vastly more power to initiate criminal charges without the intervention of either a committing magistrate or grand jury.[6] Like all power, theirs is subject to abuse. We certainly agree with out sister court[7] that prohibition does not lie to forbid the allowance of a preliminary hearing to one charged in an information. Instances are easily imaginable in which a preliminary hearing should be granted to one dubiously charged with crime on the information of a prosecutor. As a matter of policy, there is good reason to consider whether preliminary hearing should be granted, as a matter of right, to one jailed under an information for far less than thirty days. But we are neither the Supreme Court nor the Legislature. We think Fla.Stat. § 907.045 (1970) requires denial of mandamus in this case.
Designed to afford prompt judicial determination of probable cause for detainment, the preliminary hearing has understandably been used by defense counsel as a tactic for discovering the state’s case. Liberalized discovery procedures under the new criminal rules, employed in this case, provide defendant’s counsel with knowledge the preliminary hearing might otherwise disclose, and in the usual case should do it more effectively. Perhaps there should be some provision for preliminary hearing where the capias is issued on information, but we must patiently allow innovation to come from the Supreme Court or the Legislature. As interpreters, we must hold that our law differentiates be *765 tween the rights of those merely arrested, with or without a warrant, on the one hand, and those indicted or informed against, on the other.[8]
As the law now stands, mandamus will not lie to compel, nor prohibition to forbid, the granting of a preliminary hearing to one charged under an information who has been held in custody less than thirty days.
Mandamus denied.
LILES, J., concurs.
PIERCE, C. J., concurs in conclusion.

. State ex rel. Shailer v. Booher, Fla. App. 4th 1970, 241 So.2d 720.

. Amended Laws 1970, c. 70-339; formerly § 909.04 (1969).

. Rouse v. State, 1902, 44 Fla. 14,S, 32 So. 784, 7S5; Di Bona v. State, Fla. App.2d 1960, 121 So.2d 192; Barton v. State, Fla.App.2d 1967, 193 So.2d 61S, G24; Evans v. State, Fla.App.3d 1967, 197 So.2d 323; More recently, our Supreme Court lias emphasized the importance of preliminary hearing, without addressing itself to the specific question before us. Richardson v. State, Fla., 247 So.2d 296. Opinion filed April 21, 1971.

. Davis v. United States, Sth Cir. 1954, 210 F.2d 118; Boone v. United States, 6th Cir. 1960, 280 F.2d 911; Jones v. United States, E.D.Mo.1963, 223 F.Supp. 454, appeal dismissed as frivolous, 8th Cir. 1964, 326 F.2d 410; United States v. Universitn, S.D.N.Y.1961, 192 F.Supp. 154; United States v. Brace, D.Md. 1961, 192 F.Supp. 714.

. U.S.Const., Amend. Y; Rule 7, Fed.R. Crim.P.; see, generally, 1 Orfield, Criminal Procedure under the Federal Rules, §§ 5.1-5.9, 5.12, 5.43-5.44; Comisky, Basic Criminal Procedure 16-17; Com-isky and Spothaker, Criminal Procedure in the United States District and Military Courts, 21, 22; Coleman v. Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387.

. See Fla.Const. Art. I, §§ 15, 16; Art. Y, § 9(5), F.S.A.

. See note 1, supra.

. The result we reach here is in accord with that reached in Pennington v. Smith, 1949, 35 Wash.2d 267, 212 P.2d 811; State v. Gaspard, 1952, 222 Da. 222, 62 So.2d 281. The Louisiana statute there quoted is clearer than ours.