261 So.2d 172 (1972)
STATE of Florida ex rel. Inga Susan HARDY and Terry Neal Hardy, Petitioners,
v.
Uriel BLOUNT, Jr., Respondent.
STATE of Florida ex rel. James BROWNING, Petitioner,
v.
Uriel BLOUNT, Jr., Respondent.
STATE of Florida ex rel. Bruce HAYES, Petitioner,
v.
Uriel BLOUNT, Jr., Respondent.
STATE of Florida ex rel. Wayne A. BRYANT, Petitioner,
v.
Uriel BLOUNT, Jr., Respondent.
STATE of Florida ex rel. Donald Arthur HALES, Petitioner,
v.
Uriel BLOUNT, Jr., Respondent.
Nos. 41427-41431.
Supreme Court of Florida.
April 5, 1972.
Rehearing Denied May 18, 1972.
*173 Dan R. Warren, of Judge & Warren, Daytona Beach, for petitioners.
Robert L. Shevin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District, in these cases, (250 So.2d 657), which allegedly conflicts with a prior decision of the District Court of Appeal, Fourth District (State ex rel. Shailer v. Booher, 241 So.2d 720) on the same point of law. Fla. Const., art. V, § 4, F.S.A.
The petitioner in each of the cases sub judice was charged by information with the commission of a felony. No one had been held in custody for thirty days at the time the respondent Judge denied motions for preliminary hearings. In original mandamus proceeding, the District Court of Appeal, First District (250 So.2d 657) held that petitioners were not entitled to preliminary hearings because an information charging each with the commission of a felony had been filed.
In State ex rel. Shailer v. Booher, supra, the state attorney had filed an information charging a felony and thereafter the defendant was denied a preliminary hearing. The trial judge entered a peremptory writ in habeas corpus proceeding directing the sheriff to have the defendant before a committing magistrate on a day certain, or, in the alternative, to release him from custody. No appeal was taken, but the state attorney filed a petition for writ of prohibition in the District Court of Appeal, Fourth District. The District Court of Appeal held that prohibition proceedings were improper, but in denying the petition for writ of prohibition said, by way of dictum:
"The underlying issue in this case is whether or not a person arrested after an information has been filed against him has a right to a preliminary hearing, and if so, how may that right be enforced when the same is not voluntarily accorded to the arrested person." (241 So.2d p. 722)
"In our opinion, until some other means is provided either by the Florida Supreme Court through its rule-making power or by the legislature of the State of Florida, one who has a right to a preliminary hearing which is not voluntarily accorded to him as contemplated by the statutes of this State (F.S. 1969, section 901.06 and section 901.23, F.S. 1969) should apply to an appropriate court for a writ of mandamus." (p. 723)
There is conflict and we have jurisdiction.
A preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. The whole proceedings partake of the nature of an inquiry and, outside of being conducted by a magistrate, bears little or no resemblance to a trial. See 6 F.L.P., Criminal Law, § 204, and cases cited.
In Anderson v. State, 241 So.2d 390 (Fla. 1970), we said:
"A preliminary hearing is for the purpose of determining if probable cause exists to hold one accused of a crime for trial. Such a hearing is not a critical stage in the proceedings, Harris v. State, 208 So.2d 108 (Fla.App. 1, 1968), unless prejudice results to the defendant in some subsequent proceedings, or under the circumstances of the case the preliminary hearing was a critical stage in the proceeding. Abbott v. State, 164 So.2d 243 (Fla.App.2d, 1964). It is not a prerequisite to a criminal prosecution or the filing of an indictment or information. Sangaree v. Hamlin, Fla., 235 So.2d 729 (opinion filed May 13, 1970)." (pp. 392-393)
The state attorney is a constitutional officer (Fla. Const., art. V, § 6(6), *174 F.S.A.) and is authorized by the Constitution to initiate criminal prosecutions for felonies by filing an information under oath. Fla. Const., art. I, (Declaration of Rights), § 15(a), F.S.A. This constitutional provision granted the grand jury and the prosecuting attorney concurrent authority to file a formal accusation of the commission of a felony not involving capital punishment by indictment or information, respectively. In fact, the prosecuting officer having jurisdiction is authorized to file an information even though the grand jury may have failed or refused to find an indictment. State ex rel. Latour v. Stone, 135 Fla. 816, 185 So. 729, 120 A.L.R. 711 (1939).
When a prosecuting attorney files an information against a defendant, he conclusively determines that the evidence is adequate to establish probable cause to put the defendant on trial. In Prevatt v. State, 135 Fla. 226, 184 So. 860 (1938), we said:
"While it is true that an information is required to have attached the affidavit by the County Solicitor `that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged', and the law requires that the information be based on facts sworn to before an officer having jurisdiction to administer the oath, the sufficiency of the evidence so presented to the County Solicitor is a matter of which the County Solicitor must be the sole and final judge and as to which neither the court nor the defendant may inquire." (pp. 863-864)
The following appears in Di Bona v. State, 121 So.2d 192 (Fla.App.2d, 1960);
"Neither the court nor the defendant may inquire into the sufficiency of the evidence presented to the county solicitor as a basis for the information because the solicitor is the sole and final judge in the determination of whether the evidence is adequate to support the filing of the information. Prevatt v. State, 135 Fla. 226, 184 So. 860; Anderson v. State, 134 Fla. 290, 183 So. 735." (p. 194)
As pointed out in Di Bona v. State, supra, even if a defendant were granted a preliminary hearing and the committing magistrate discharged the defendant for lack of probable cause, the prosecuting attorney could nevertheless determine that probable cause exists and file an information charging the defendant with the commission of the offense. Since probable cause in the cases sub judice has been found, preliminary hearings for the petitioners are not needed. The only purpose which is served by such hearings is to determine whether probable cause exists. This has been determined by a constitutional officer. As a practical matter, preliminary hearings are frequently used for discovery purposes, but the liberal discovery provisions found in the Florida Rules of Criminal Procedure allow defendant to accomplish this purpose. See Harrison v. Wainwright, 243 So.2d 427 (Fla.App.1st, 1971).
In Karz v. Overton, 249 So.2d 763 (Fla. App.2d, 1971), the Court held that mandamus would not lie to compel the trial judge to grant a preliminary hearing to a defendant who was charged by information and had been in custody for less than thirty days. We approve the reasoning in that case, and particularly point out the federal authorities cited therein, holding that there is no necessity for a preliminary hearing where an indictment has been found.
We approve the opinion of the District Court of Appeal, First District, in the cases sub judice, and discharge the writ of certiorari in this cause.
It is so ordered.
ROBERTS, C.J., and CARLTON, BOYD and McCAIN, JJ., concur.