PEARSON, Judge.
The State appeals an order granting to the appellee a discharge from crimes for a failure to provide a speedy trial pursuant to Rule 3.191(a)(2), R.Cr.P., 33 F.S.A.[1] The question to be determined is whether a written complaint filed under oath before a justice of the peace upon which a warrant is issued, is a “trial affidavit” within the meaning of the cited rule. No fact pertinent to the application of the rule appears to be in conflict. The chronological schedule of events is as follows:
September 12, 1971 Defendant arrested and in custody
September 12, 1971 Affidavit by arresting officer that the appel-lee (1) did unlawfully break and enter a certain building and intend to carry away money and property of value of more than $100.00, and (2) that the appellee did unlawfully have in his possession more than five grams of. marijuana
September 13, 1971 Warrant for the defendant issued before the justice of the peace
September 16, 1971 Demand for speedy trial
September 28, 1971 Defendant bound over to criminal court by justice of the peace on possession of marijuana charge
September 28, 1971 Defendant bound over to criminal court by justice of the peace on breaking and entering charge
October 19, 1971 Two count information including both offenses filed
October 22, 1971 Second demand for speedy trial
November 3, 1971 Defendant arraigned and ready for trial
November 19, 1971 (64th day from first demand) Defendant moved for discharge
February 22, 1972 Order of discharge
The State, as appellant, urges that a warrant issued pursuant to a written complaint filed under oath before a justice of the peace is not a “trial affidavit” within the meaning of the speedy trial rule. In connection with this contention, the holding of the Supreme Court of Florida in State ex rel. Hanks v. Goodman, Fla. 1971, *350 253 So.2d 129, is pertinent. In that case, the Supreme Court, in an original proceeding in mandamus, stated the question to be determined as follows:
í{C ‡ ^ ifi
“ ‘Does the 60-day period mentioned in Section (a) (2) of the Speedy Trial Rule (Criminal Procedure Rule 1.191) begin to run upon the filing and service of a demand for trial by the defendant before he is charged with the crime by indictment, information or trial affidavit?’”

The court answered the question by holding that the time under the speedy trial rule does not begin to run until the defendant is charged. In so holding, the court said:

“The question arises as to the effect of the failure of the prosecution to immediately file an indictment or information or trial affidavit. If the defendant is in custody and there is no probable cause for holding him, he has an immediate remedy through habeas corpus or the provisions of the Rules of Criminal Procedure relating to preliminary hearing. In any event, the rule requires that trial be commenced within 180 days from the date the defendant is taken into custody.”
* í|í }{i j{c
The appellee urges that the affidavit sworn before the justice of the peace by a police officer, and upon which affidavit warrant was issued, constituted a “trial affidavit”. It is pointed out that pursuant to this affidavit, a preliminary hearing was held and the appellee was bound over to stand trial. It is urged that for the court to deny the discharge of defendant after expiration of sixty days would be tantamount to a ruling that an affidavit filed in a justice of the peace court is always a nullity. The appellee contends that, under the terms of the rule, since the charge had been made clear by the affidavit, the time for speedy trial began to run upon the filing of the demand for speedy trial.
In this connection, it should be pointed out that the language of the speedy trial rule itself indicates that a defendant may make a demand for speedy trial upon the filing of an indictment even though a defendant is not tried upon the indictment but upon an information filed pursuant to the indictment. The force of this analogy is difficult to deny in reference to the case at bar. On the other hand, it is also clear that an information may not be filed in every case in which a defendant is bound over by a justice of the peace. See Rule 3.122(m), R.Cr.P., F.S.A. Although the state attorney is required to investigate the charges against the defendant when he is bound over by a justice of the peace, the state’s attorney may or may not file an information. See Prevatt v. State, 135 Fla. 226, 184 So. 860 (1938); Jackson v. State, 33 Fla. 620, 15 So. 250 (1894); Di Bona v. State, Fla.App.1960, 121 So.2d 192.
We think that based upon the reasoning of the Supreme Court in State ex rel. Hanks v. Goodman, supra, the affidavit for arrest in the justice of the peace court may not be considered a “trial affidavit” under Rule 3.191(a)(2), R.Cr.P., 33 F.S.A. The order discharging the appellee is reversed and the cause is remanded for further proceedings in the criminal court of record.
Reversed and remanded.

. The text of the rule in pertinent part reads as follows:
“Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial, within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served.”
}}i :}{ sfr *