ERVIN, Judge.
Tyree Wilson appeals his conviction for first degree murder, contending that the trial court erred in taking judicial notice of the grand jury’s return of a no-true bill as to witness Michael Morning and in violating the rule of sequestration of witnesses. We reverse and remand for new trial as to the first issue, because the grand jury information *980 was irrelevant and prejudicial, and thus do not reach the second.
The evidence presented at trial revealed that Wilson possessed a handgun the day of the crime and told friends repeatedly that he desired to shoot someone. One of the Mends, Michael Morning, testified that while he and Steward Bailey remained at the side of the Junior Food Store, the place where the offense occurred, Wilson walked to its front, and shortly thereafter they heard two shots and found the victim lying on the ground. Although Wilson confessed to committing the homicide, he later said at trial that he had remained inside the car while Morning and Bailey went to the store and shot the victim, and that he had hidden the weapon and given his confession only because the perpetrators had persuaded him that nothing would happen to him because of his juvenile status.
As to the first issue, the defense asked Morning on cross-examination whether he had received favorable treatment from the state in exchange for his testimony, and Morning replied that he had originally been charged with murder, but that the charges were later dropped. The state then sought to introduce into evidence a no bill which a grand jury had returned as to Morning. Over an objection based upon relevancy, the trial court took judicial notice of the document and informed the jurors that the grand jury had found no criminal charges as to Morning’s involvement in the homicide. The court refused the defense’s request to instruct the jury that Morning nevertheless could have been charged with lesser offenses.
We conclude that the trial court erred, as the no bill was not clearly and directly relevant to any material fact at issue. Although we have found no cases specifically addressing this point in Florida, we are strongly persuaded by cases from out-of-state jurisdictions which permit the admission of grand jury findings only upon a clear showing of relevance. State v. Tobin, 602 A.2d 528 (R.I. 1992); In the Matter of David, 136 Misc.2d 863, 519 N.Y.S.2d 502 (Fam.Ct.1987); Mon-tesi v. State, 220 Tenn. 354, 417 S.W.2d 554 (1967).
Montesi is comparable to the case at bar. Montesi was charged and convicted of his wife’s voluntary manslaughter. The evidence against Montesi, however, was weak, and he submitted evidence revealing that another man, Donald Bersacola, could have committed the crime. The prosecution then called as a witness the clerk of the court who was allowed to testify, over defense objection, that a no bill had been returned as to Bersa-cola for the offense of first degree murder. Montesi, 417 S.W.2d at 558-59. On appeal, the Tennessee Supreme Court reversed, condemning the evidence as incompetent and extremely prejudicial to the defendant:
Of course, there is no evidence whatever in the record before us as to what the grand jury did or did not consider in connection with the purported indictment of Bersacola. In any event it is not apparent to us how the conclusions of a group of grand jurors in connection with the indictment of Bersacola could in any way be relevant or competent evidence on the trial of the defendant Montesi.
Id. at 559-60.
In the case at bar, the impact of the no bill may have been far-reaching: first, it potentially bolstered Morning’s credibility, yet misled the jury by implying that as the grand jury had refused to indict Morning, he had necessarily been cleared of all offenses and thus his testimony had not been compromised by any promises of favorable treatment from the state. This implication is, of course, misleading in that the state could have charged Morning with a lesser crime. See, e.g., State ex rel. Hardy v. Blount, 261 So.2d 172 (Fla.1972) (prosecuting attorney may file an information, even though the grand jury has failed or refused to return an indictment of a non-capital crime). Second, the statement that Morning was cleared of all charges suggested that he was innocent of any criminal involvement in this crime, thus conclusively rebutting Wilson’s version of events.
As a consequence, the evidence was used by the state both for the purpose of rehabilitating the witness and as substantive evidence of his innocence; whereas, in fact, “the returning of a no-true bill by a group of grand jurors at best simply constitutes the *981 conclusions of that particular body based upon such evidence as may happen to have been presented to it,” and should, therefore, raise no presumption of innocence. Montesi, 417 S.W.2d at 560.
In conclusion, the no bill lacked any relevance to the offense for which appellant was charged, and the court’s reference to it may not only have misled the jury but could well have been highly prejudicial to Wilson. We cannot consider the error harmless, because, although Wilson testified that Morning and Bailey committed the crime, the admission of the grand jury’s return implied that it had considered the evidence and concluded that Morning was innocent, thereby completely undermining Wilson’s defense.
REVERSED and REMANDED for new trial.
WEBSTER, J., concurs.
BOOTH, J., dissents with written opinion.